### WILLIAM HASSINGER vs. WILLIAM R. PYE.

A bill of exceptions can not be signed after the term at which the judgment was rendered, except by consent of parties.

### ERROR to Marion Circuit Court.

WELLS *for Plaintiff in Error.*

#### POINTS AND AUTHORITIES.

1. The report of the arbitrators was no lawful award. It should have found for one or the other party, and not found a special state of facts.

2. The arbitrators did not find sufficient facts to warrant a judgment for plaintiff. They did not find the note to have been assigned for a valuable consideration. 7 Monroe 605.

3. They found some evidence of insolvency in the maker of the note; but at the same time found that evidence to be false, and that he was abundantly solvent.

4. If the report of the arbitrators was good at all, it was sufficient to warrant a judgment for defendant. If not good, the judgment is erroneous, having nothing to rest upon.

GLOVER & CAMPBELL *for Defendant in Error.*

#### POINTS AND AUTHORITIES.

1. The bill of exceptions was improperly allowed, and is a nullity. The Circuit Court having no power to sign a bill of exceptions after the close of the term. It is, therefore, out of the case.

2. The report of the 8th September, 1842, was not received by the Court; at least such is the presumption, as no action of any sort appears to have been taken upon it. The report of August 9th, 1843, is well enough; and, though the proceeding appears to have been very irregular, yet as the defendant *"appeared,"* and took no exception, nor in any way opposed judgment, it ought now to stand.

3. The record shows a series of "indulgencies" on the part of the plaintiff, and vexatious delays on the part of the defendant, from first to last, which robs him of all claim upon the equity of the Court to a new trial.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by Pye against Hassinger, in which the plaintiff recovered.

It appears that the cause was referred, and a report was made. After the making of a report by the referees, the judgment was entered by the Court. An appeal was prayed, and a bill of exceptions was filed at a

time subsequent to the term at which the judgment was rendered. It does not appear that this was done by the consent of the parties. The defendant in error objects that the bill of exceptions was taken at a time when it was not authorized by law. This objection is well taken. Without the consent of parties no bill of exceptions could have been signed after the term at which the cause was finally disposed of. The bill of exceptions being stricken out, there is nothing in the record showing error in the proceedings. The judgment will be affirmed, the other Judges concurring.