DIEPENBROCK & OTHERS, Respondents, *vs.* SHAW, Appellant.

1. It is the settled law that exceptions must be taken at the time, and the bill prepared and signed during the term, and not afterwards, unless it is consented to.

*Appeal from St. Louis Law Commissioner's Court.*

This action was brought to recover for lime sold and delivered. The items were specifically set forth in an account annexed to the petition.

The answer contained a general denial of indebtedness, and specific allegations, to the effect that the plaintiff had been overpaid for lime furnished prior to that sued for, to an amount exceeding the plaintiff's demand, and this was set up as an offset. The answer was stricken out, upon a motion setting forth as reasons that it contained no specific denial of the allegations of the petition, and that the account set up as an offset exceeded the jurisdiction of the court. A judgment was rendered for the plaintiff. At the next term, the defendant asked leave to file a motion to set aside the judgment, which was refused, to which refusal he excepted, filed his bill of exception, and brings the case to this court by appeal.

*Blennerhassett & Shreve* for appellant.

*Hart & Jecko,* for respondent.

LEONARD, Judge. It is the settled law, that exceptions must be taken at the time, and the bill prepared and signed during the term, and not afterwards, unless it is so consented to.

Here, the only exception taken, that has been properly preserved, so that it can be noticed by this court, is, the refusal of the lower court to set aside the final judgment rendered at a preceding term, and we see no error here. Judgment affirmed.