FARRAR *et al.*, Appellants, *vs.* FINNEY *et al.*, Respondents.

1. A bill of exceptions cannot be allowed and signed at a term subsequent to that at which the trial is had, without the consent and against the objections of the opposite party.
2. The respondent, or defendant in error, is not precluded from moving to strike out a bill of exceptions allowed and filed out of time, by the fact that he may have filed his joinder in error.

*Appeal from St. Louis Circuit Court sitting in Chancery.*

There was a motion made by the respondents in this cause, after a joinder in error, to strike out the bill of exceptions, allowed and signed by the judge, on the ground that it had been allowed and signed out of time, against the objections of the defendants, the present respondents. All the facts bearing upon the said motion sufficiently appear in the opinion of the court.

*Polk* and *Dayton*, for respondents, cited, in support of the motion to strike out the bill of exceptions, *Consaul* v. *Liddell*, 7 Mo. 250. *Pomeroy* v. *Selmes*, 8 Mo. 727. *Scott*

v. *Bird*, 9 Mo. 149. *Hassinger* v. *Pye*, 10 Mo. 156. Upon an examination of the *records* in the case of *Consaul* v. *Liddell*, (7 Mo. 250,) it appears that the motion to strike out the bill of exceptions was made after a joinder in error. The joining in error cannot amount to a waiver of the right of the appellees to object that the bill of exceptions was improperly allowed. It is no admission that the bill of exceptions is properly a part of the record. If the bill of exceptions is not properly a part of the record, there can be no error in the record, as far as such bill is concerned, and to say that there are no errors in the record is certainly comprehensive enough to contain the affirmation that the bill of exceptions is no part of the record.

*Delafield*, *Barrett* and *Leslie*, for appellants. 1. It was in the power of the court to give time to put the exceptions in form, and the *consent* or *dissent* of the opposite party in no manner whatever affected this power of the court, or the exercise of the same, in the case at bar. If consent by the adverse party is indispensable, such party, at all times, will or may withhold his approval, and thus take the administration of the law into his own hands. Suppose that the term of a court is limited by law, so that it cannot be held beyond a certain day, and a verdict of a jury is rendered at the last hour of the term, and judgment upon such verdict, exceptions having been taken at the trial, but the bill not yet drawn up in form: what shall be done? Must consent be given, or else the right to correct the errors of the court below, in the court of appeals, be cut off? 2. The appellees are precluded from moving to strike out the bill of exceptions by the joinder in error. After joinder in error, the appellants had a right to suppose that this issue was made up in this court, and that nothing but error or no error in the record could properly be a matter of contest. (*Harlow* v. *Humiston*, 6 Cow. 189. 9 Wend. 241. *Nesbitt* v. *Dallam*, 7 G. & Jo. 494. 3 Scam. 15, 61. 11 Mo. 408.) The case cited by respondents, to-wit, 7 Mo. 250; 8 Mo. 727; 9 Mo. 149; 10 Mo. 150, are not analogous.

RYLAND, Judge, delivered the opinion of the court.

Finney and others, the respondents here, filed their motion to strike out the bill of exceptions from the record of the proceedings in the case, because the bill of exceptions was not prepared, presented or signed in proper time ; but was prepared, presented and signed out of time, and against the remonstrance of the defendants.

This motion was filed 29th March, 1854, and was sustained. On the 15th of April, 1854, being at the same term of the court, the appellants' counsel moved the court to rescind the order made on respondents' motion to strike out the bill of exceptions and reinstate the bill of exceptions on the record. This motion was sustained, and the first order made was set aside. At the same term, the respondents made a motion to set aside this last order vacating the first order, so as to reinstate the order striking out the bill of exceptions. This motion was continued and is still pending in the cause. Upon a careful examination of the record, we find that the bill of exceptions was not signed at the proper time. The court gave leave to the plaintiff's counsel to file their bill of exceptions by the first day of the November term, 1853. The cause was heard and determined at the April term, 1853. The court adjourned the April term until some time in the fall of the same year. On or about the 8th of October, 1853, the counsel for the defendants submitted the decree which had been drawn up in accordance with the practice of the court in such cases. Two days after this decree was submitted, it was finally approved and filed. The plaintiffs' motion for a rehearing was overruled, October 15th, 1853, seven days before the final adjournment of the term, at which time the court gave plaintiffs' counsel until the first day of the November term following to file their bill of exceptions. The bill of exceptions was signed February 15th, 1854 ; the defendants' counsel objecting to the signing and filing the same, from the 15th October up to the time it was signed and filed, and doing no act or giving no consent to authorize this proceeding.

1. This motion to vacate the order rescinding the first order made striking out the bill of exceptions must prevail, and the order striking out the bill of exceptions must be restored. The bill of exceptions is accordingly stricken from the record. This court has decided over and over again, that the bill of exceptions cannot be signed at a subsequent term without the consent of the counsel of the opposite party. See the cases of *Consaul & Barker, garnishees of Jenkins,* v. *Liddell,* (7 Mo. 250.) *Pomeroy* v. *Selmes,* (8 Mo. 727.) *Scott* v. *Bird,* (9 Mo. 148.) *Hassinger* v. *Pye,* (10 Mo. 156.) It has become the settled practice of this court to disregard or strike out bills of exceptions that have not been filed according to law. The statute of our state (Practice at Law, R. C. 1845, art. 4, § 25) prescribes the time in which bills of exceptions may be taken and filed. They cannot be filed at a subsequent term without the consent of the opposite party. Under the new code of practice, exceptions may be taken to the opinions of the court during the progress of any civil action, and bills of exceptions shall be allowed, signed and made part of the record in manner as heretofore. (Art. 19, § 6, New Code.)

2. When the motion to vacate the first order, striking out the bill of exceptions, was made and sustained by this court, it was under the impression that the respondents were precluded from making such motion as they had, because they had filed their joinder in error ; but, upon reflection, there is nothing in that view, nor do the cases heretofore settled by this court warrant such a conclusion.

It is to be regretted that this matter was not earlier settled; but reluctant as this court is to see causes pass off on other grounds than such as settle the merits of the controversy, either in fact or law, yet we deem it of the highest importance to the community at large, that there should be uniformity in the decisions in regard to matters of practice.

There being now no bill of exceptions in this record, the case presents no points for our adjudication. The judgment below must therefore be affirmed ; the other judges concurring.