WILCOXSON *et al.*, Appellants, v. McBRIDE, Respondent.

1. A bill of exceptions can not be allowed and signed at a term subsequent to that at which the trial is had without the consent of the opposite party.

*Appeal from Monroe Circuit Court.*

A motion was made in this cause in the Supreme Court by respondent's counsel to strike out the bill of exceptions on the ground that it was allowed and signed out of time. It appears that judgment was rendered November 18th, 1854, at the November term of the Monroe Circuit Court; that a motion for a new trial was overruled November 20th; that on the 21st of November, 1854, leave was, on motion, granted to plaintiffs to file their bill of exceptions at the next term of the court; that on the 18th day of June, 1855, during the June term, leave was again granted to plaintiffs to file their bill of exceptions at the next succeeding term of the court. No consent of the defendant appears to have been given to the granting of time to plaintiff. On the 17th day of November, 1855, during the November term, there was made the following entry: "Now at this day came the plaintiffs, by their attorneys, and on their motion leave is granted them to file herein their bill of excep-

tions, to the filing of which said bill of exceptions the defendant, by his attorney, objects ; and the court, after hearing the said objections and the argument of counsel thereon, and being fully advised of and concerning the matters and things stated in said objection, overrules the same ; to the overruling of which the defendant, by his attorney, excepts.''

*Glover & Richardson*, for appellant.

*T. T. Gantt*, for respondent, cited the following authorities : 21 Mo. 122 ; ib. 157 ; ib. 272–569.

LEONARD, Judge. The bill of exceptions was not filed in season, nor is any reason shown for the omission, and, according to the settled course of decision in this court, we can not regard it as a part of the record.

The matters insisted upon for the reversal of the judgment appear from the bill of exceptions only, and the judgment must therefore be affirmed.