JOHN M. MENTZING, Respondent, *vs.* PACIFIC R. R. Co., Appellant.

1. *Practice, Supreme Court—Exceptions, bill of—Vacation.*—Unless on consent of parties made matter of record, the circuit court cannot grant permission to file a bill of exceptions in vacation.

*Appeal from Jackson Special Law and Equity Court.*

A bill of exceptions in this case, it appears, was signed and filed but in vacation and without consent of respondent.

*Ewing, Smith & Pope,* for Appellant.

*W. E. Sheffield,* for Respondent, cited: Blankenship vs. North Mo. R. R. Co., 48 Mo. 376 ; Ellis vs. Andrews, 25 Mo. 327 ; Wilcoxson vs. McBride, 23 Mo. 404; Diepenbrock vs. Shaw, 21 Mo. 122 ; Sutter vs. Street, 21 Mo. 157 ; State vs. McO'Blenis, 21 Mo. 272.

SHERWOOD, Judge, delivered the opinion of the court.

Action for damages for killing an ox and judgment for $60, the amount claimed.

It is impossible for us to review the alleged error of the circuit court in affirming the judgment of the justice since there is no bill of exceptions here. We have in numerous instances held, that unless upon consent of parties made matter of record, this court could not grant permission to file a bill of exceptions in vacation. In the present instance such consent does not appear and in conformity to previous rulings, (Blankenship vs. N. M. R. R. Co.,40 Mo. 376.; West vs. Fowler, 55 Mo. 300 ; West vs. Fowler, 59 Mo. 40 ; Ellis vs. Andrews, 25 Mo. 327 ; Pomeroy vs. Selmes, 8 Mo. 521; Consant vs. Sidell, 7 Mo. 250 ; Hassinger vs. Pye, 10 Mo. 156 ; Diepenbrock vs. Shaw, 21 Mo. 122 ; Sutter vs. Street, Id. 157 ; State vs. McO'Blenis, Id. 272 ; Fanor vs. Finney, Id. 569; Ruble vs. Thomasson, 20 Mo. 263 ; Wilcoxson vs. McBride, 23 Mo. 404), inasmuch as no error appears on the face of the record proper, the judgment must be affirmed ; all the judges concur, except Judge Hough not sitting.