Clark v. Bullock.

---

CLARK v. BULLOCK, APPELLANT.

1. **Practice**: BILL OF EXCEPTIONS. The Supreme Court can notice nothing contained in a bill of exceptions not filed during the term of the court at which it is taken, unless the filing after the term be by consent of parties entered of record.

2. ————: REMITTITUR. Where the plaintiff desired a *remittitur* entered for the amount in excess of that claimed in his petition, and this excess was the only error in the record, the judgment of the lower court, modified by the desired entry, was affirmed; but it was held that plaintiff must pay the costs of the appeal.

*Appeal from Cass Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*Boggess & Cravens* for appellant.

*James Armstrong* for respondent.

SHERWOOD, C. J.—The bill of exceptions, in order to become a part of the record, must be filed "during the term of the court, at which it is taken and not after," (W. S. 1043, section 28; Id. 1044, section 31; *Fulkerson v. Houts*, 55 Mo. 301, and cas. cit.,) unless by consent of parties entered of record, it be filed at a subsequent period and

within the time thus agreed upon, (*Mentzing v. P. R. R. Co.*, 64 Mo. 25, and cas. cit.) Neither the rule in its statutory strictness, nor as relaxed by the decisions above noted having been complied with, we can notice nothing which the bill of exceptions, so called, contains. And as the only error arising on the record proper, will be cured by a *remittitur*, which the plaintiff desires entered for the excess of recovery on one of the counts of his petition, the judgment of the lower court, modified by the desired entry, will be affirmed; but the plaintiff must pay the costs of this appeal. *Miller v. Hardin*, 64 Mo. 545. All concur.

AFFIRMED.