———o———

JOHN W. WEST, Plaintiff in Error, *vs.* WHITLEY F. FOWLER, Defendant in Error.

1. *Practice, civil—Bill of Exceptions—Filing of in vacation without consent— Effect of.*—A bill of exceptions in order to become part of the record must be signed and filed during the term at which judgment is rendered; except that by consent of parties, also made matter of record, it may be signed and filed at a subsequent period.

*Error to Miller Circuit Court.*

*Edwards & Son, and Lay & Belch,* for Plaintiff in Error.

*Ewing & Smith,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in chancery, and upon a final hearing the temporary injunction therein granted was dissolved and the petition dismissed. The last entry of record is as follows:

"JOHN W. WEST, Plaintiff,
vs.
W. F. FOWLER, Defendant.

And now comes the plaintiff, by his attorney, and asks and

obtains leave of court to file his bill of exceptions in the cause on or before the first day of December 1871."

Afterwards, in vacation, on the 12th day of December, 1871, an entry is made by the clerk showing that the bill of exceptions, duly signed and sealed by the judge, was filed by the plaintiff on that day, and that said bill bore an endorsement in these words: "It is agreed that this bill of——may be filed on or before the 15th day of December, 1871.

J. L. Smith, for Defendant."

Under such circumstances, it is impossible for us to examine the merits of this case, as there is, in legal contemplation, no bill of exceptions here. In strictness, the bill of exceptions can only become a part of the record by being filed in term. A relaxation of the rigidity of this rule, however, has so far taken place, that by consent of the parties, made matter of record, the bill may be signed and filed at a subsequent period, designated in the record entry, which evidences the consent thus given. This has long been the well settled practice in this State, and we will not now depart from it in order to avoid the real or fancied hardship of a particular case. The entry made by the court on the application of the plaintiff, without the consent of the adverse party, was a mere nullity and could by no means operate to clothe the instrument filed as a bill of exceptions with any of the attributes of legal formality; nor could the above alluded to endorsement have such operation. (See Ellis vs. Andrews, 25 Mo., 327 & cas. cit.; Ruble vs. Thomasson, 20 Mo., 263.)

Judgment affirmed; all concur.