————o————

DAVIS SMITH, Respondent, vs. WALLACE POLLACK, Appellant.

1. *Bills of exceptions, when must be signed—Time, how waived.*—Bills of exceptions must be signed and appeals perfected during the term at which the cause is disposed of. A party having the right to insist on this rule may waive it, but the waiver must appear either by an entry of record or a stipulation filed.

*Appeal from Adair Circuit Court.*

*Harrington & Cover,* for Appellant.

*Greenwood & Pickles*, for Respondent.

Lewis, Judge, delivered the opinion of the court.

This cause was tried on an appeal from a justice of the peace, and judgment was rendered in the Circuit Court for the plaintiff. No bill of exceptions was signed during the term at which the case was tried. At the next succeeding term, the defendant filed three motions: One accompanied by a bill of exceptions which the court was asked to sign and make a part of the record, one for leave to file an appeal bond, and one to quash an execution which had issued on the judgment. These motions being overruled, the defendant then perfected his appeal to this court.

The three motions were considered together, upon testimony introduced by both parties. It appeared from this, that, during the trial term, defendant's attorneys prepared a bill of exceptions, about which the parties disagreed, and which the judge refused to sign. Pending this disagreement, the court adjourned for the term. In the meantime, there was a verbal understanding between the attorneys, that a bill of exceptions might be signed and the appeal perfected, within thirty days. It was claimed for defendant, that plaintiff's attorney waived totally the execution of an appeal bond. No written stipulation was made at any time, nor was anything consummated, as to either bond or bill of exceptions. Complaints and counter statements were made, touching the temporary custody of the unsigned bill of exceptions by either party at different times, and the alleged unfairness of plaintiff's attorneys in lulling the vigilance of defendant's by verbal promises to take no advantage from delay. This is the sum and substance of a voluminous record, upon which we are asked to allow to the defendant all the benefits of an appeal regularly taken, and a bill of exceptions signed at the proper time.

Such a demand cannot be yielded to without a violation of law. The statute is imperative, that the bill of exceptions must be signed and the appeal perfected during the term of the trial.

In practice, the party whose right it is to exact these timely observances may waive them. But the waiver must appear in the record, either by an entry among the proceedings of the court, or by a stipulation filed. Otherwise, no court is authorized to recognize the existence of any such waiver, and the law must be strictly obeyed.

It follows that the court below committed no error in overruling the defendant's motions, and its judgment will be affirmed; the other judges concur.