JOHN W. WEST, Plaintiff in Error, *vs.* WHITLEY F. FOWLER, Defendant in Error. ,

1. *Bill of exceptions—Filing of at subsequent term—Consent must be of record.* —A bill of exceptions cannot be filed at a period subsequent to the term at which judgment was rendered, except by consent of parties, and where the agreement is made a matter of record. (West vs. Fowler, 55 Mo., 300, affirmed.)

### Error to Miller Circuit Court.

*Lay & Belch, with E. L. Edwards & Son,* for Plaintiff in Error.

*Ewing & Smith,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court

This cause is again before us on a re-hearing, granted by a majority of the court at the last term.

There were two grounds upon which the former opinion was based : 1st, that the consent of the parties did not appear from the record entry extending the time to December the 1st, 1871 ; 2d, that the bill of exceptions was not filed within the time designated, and that the written agreement indorsed on the bill to prolong the time, could not have that effect, as it formed and constituted no part of the record.

The first ground above specified has been obviated by an entry *nunc pro tunc ;* so that as the record now stands, by consent of parties, leave was given to file the bill by the 1st day of December, 1871 ; leaving the second ground of objection still remaining in all of its original force. And a re-examination of the questions heretofore discussed, (see West vs. Fowler, 55 Mo., 300) has not induced the slightest change in our views or produced any inclination whatever to depart from wisely established and long settled precedent.

In Ruble vs. Thomasson, (20 Mo., 263) what purported to be a bill of exceptions was filed at a term next after the trial, and, indorsed on the bill, was an agreement by the opposing counsel, that the bill might be filed *nunc pro tunc*, but there was no entry in fact made, and it was held that there

was no bill of exceptions.   And it is note-worthy, that in that case there was no " appearance on behalf of the respondent, and no objection urged against the instrument being considered as a bill of exceptions." That case is not distinguishable from this.   Here, there is no record entry extending the time to December the 12th, and any outside agreement could by no means supply the deficiency in this particular.

As to whether we might have been willing to overlook the point if it had not been urged here, or if in this court it had been by counsel expressly waived, is a matter whose consideration would at this time be merely anticipatory.

As there is no bill of exceptions here, and as the record proper discloses no error, it only remains to reiterate our former conclusion, that the judgment must be affirmed.   Judge Vories absent ; the other judges concur.