GEORGE HOWES, Respondent, v. HENRY HOLMES *et al.*, Appellants.

April 25, 1876.

1. A bill of exceptions signed after the close of the term in which the motion for new trial was overruled, without any stipulation or entry of record authorizing that proceeding, will not be noticed for any purpose.

2. An adjudication of bankruptcy will not compel a stay of proceedings, in a suit against a bankrupt in a State court, upon motion and production of the certificate of adjudication.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Slayback & Haeussler*, for appellants, cited: Bayley on Bills, 37, sec. 15; Carter v. McClintock, 29 Mo. 464; Parsons' Merc. Law (1st ed.), 85, note 2; Woodford v. Darwin, 3 Vt. 82; Story on Part., secs. 140, 142, 147, 148; Wag. Stat. 1374, sec. 7; Snyder v. Raab, 40 Mo. 167.

*Hitchcock, Lubke & Player*, for respondent, cited: Wag. Stat. 851, sec. 23, p. 1043, sec. 28, p. 1374, sec. 7; Haggerty v. Morrison, 59 Mo. 324; Carpenter v. Turrell, 100 Mass. 450; Diepenbrock v. Shaw, 21 Mo. 122; Sutter v. Streit, 21 Mo. 159; Farrar v. Finney, 21 Mo. 569; Wilcoxson v. McBride, 23 Mo. 404; Ellis v. Andrews, 25 Mo. 327; Gale v. Foss, 47 Mo. 276.

LEWIS, J., delivered the opinion of the court.

The record shows that this cause was tried, and a final judgment rendered against defendants, at the October term, 1873. A motion for new trial was overruled during the December term, 1873. The bill of exceptions was presented and signed in the February term, 1874. No stipulation of the parties, or entry of any sort, shows that consent or permission was given for presenting a bill of exceptions after the close of the term in which the motion for new trial was overruled. This is conclusive against our authority

to notice that paper for any purpose. *Smith* v. *Pollack*, 58 Mo. 161. No error is suggested in the record proper.

Defendants Holmes and Moody have presented certificates showing that they have been adjudged bankrupts by a court of competent jurisdiction, under the laws of the United States, and file motions for a stay of further proceedings in this court until they shall have obtained their respective discharges. We can find no reason for granting the applications. Nothing in the bankrupt law operates to oust this court of its jurisdiction already acquired, in the absence of a restraining order from the bankruptcy court. No such order appears; but, on the contrary, the plaintiff here produces an order from that authority, issued under the 21st section of the bankrupt law, expressly granting leave to proceed herein to final judgment. The motions are overruled, and the judgment of the Circuit Court is affirmed. All the judges concur.