THE STATE v. DUCKWORTH *et al., Plaintiffs in Error.*

**A Bill of Exceptions,** filed after the term, will not be considered, unless it appears by an entry of record that the opposing party consented to the filing. An entry showing merely that he was present when the court gave the appellant leave to file it out of time, is not sufficient; nor will the defect be cured by an entry subsequently made by the clerk in vacation reciting that consent was given.

*Error to Henry Circuit Court.*—HON. FOSTER P. ·WRIGHT, Judge.

*F. E. Savage* for plaintiffs in error.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—Defendants were tried at the April term, 1878, of the circuit court of Henry county, upon a charge of grand larceny, of which they were convicted. The cause is before us on writ of error, and we are asked to review alleged errors of the trial court in allowing the State to assail the character of defendants, each of them having testified in his own behalf, and in giving a written instruction to the jury, in the absence of defendants and their counsel, after they had retired to consider their verdict. Neither of these alleged errors can be considered, because no bill of exceptions was filed during the term at which the trial was had, and there is no record entry showing that consent of the opposing party was given to file the same out of time. The only record entry upon this subject is as follows: "Now, at this day, comes Clement C. Dickinson, prosecuting attorney of Henry county, who prosecutes herein for the State of Missouri, and also the defendants by their attorney, and upon the application of said defendants leave is granted by the court to said defendants to file bill of exceptions in said cause within 30 days." It does not appear from this entry that the prosecuting attorney consented thereto, and under the authority of the following cases it was not only necessary that consent should be given, but that the record should show that it was given. *Ruble v. Thomasson*, 20 Mo. 263; *West v. Fowler*, 55 Mo. 300; *West v. Fowler*, 59 Mo. 40.

The omission to state in the record entry made by the court that the prosecuting attorney consented that the bill might be filed out of term, is not cured by the statement made by the clerk in vacation. That statement is as follows: "And afterwards, to-wit, on the 22d day of May, in vacation 1878, came again defendants in vacation, by their attorney, leave having heretofore been granted by the court with and by the consent of C. C. Dickinson, prose-

cuting attorney as aforesaid, and files in the office of the circuit clerk bill of exceptions." It was for the court (and not the clerk) to say, when the order was made granting the leave, whether the prosecuting attorney consented thereto. Therefore, all that is stated by the clerk outside of the facts that the bill of exceptions was filed in his office, and the time when it was done, is a mere nullity. To recognize the doctrine that the clerk might, in vacation, assume the duty of the court, and supply an omission in an order, would be establishing a principle destructive to the interests of litigants, and productive of the utmost confusion. Judgment affirmed with the concurrence of the other judges.

AFFIRMED.