THE STATE v. BRODERICK, *Appellant.*

1.  **Bill of Exceptions**: JUDICIAL NOTICE. This court cannot consider a bill of exceptions filed after the lapse of the term at which the motion for new trial was disposed of, unless the record shows that the filing was with consent of the adverse party. To determine whether it was filed after the term, judicial notice may be taken of the times fixed by statute for holding court.

2.  **Larceny**: EMBEZZLEMENT. Section 15, page 514, Wag. Stat., expressly authorizes a person indicted for larceny to be convicted of embezzlement. This statute was overlooked in *State v. Stone*, 68 Mo. 101, which case is, for that reason, overruled.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. G. Lodge* for appellant.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—The defendant was indicted for the larceny of three mules, and on trial had, the jury returned the following verdict: " We, the jury in the case of the State of Missouri v. Martin Broderick and John Texas *alias* Charles H. Shobe, do find the defendant John Texas *alias* Charles H. Shobe not guilty of grand larceny as charged in the indictment. And we further find the defendant Martin Broderick guilty of embezzlement, and assess his punishment at two years in the penitentiary."

It is beyond our power to notice either the evidence or the instructions, hecause neither has been preserved by 1. BILL OF EXCEP-TIONS; judicial notice. a bill of exceptions. What purports to be such bill was filed at the May term, 1878, while the trial took place at the March term of that year, and the motion for a new trial was denied at the trial term, and, thereupon, defendant asked and obtained leave to file his bill of exceptions by the 6th of June next thereafter. But this permission was not assented to by the prosecuting attorney, and such assent entered of record, and was, therefore, valueless. *State v. Duckworth*, 68 Mo. 156. The bill purports to have been filed on the 6th day of June; but this was after the March term had passed and during the May term, and we can take judicial notice as to the times prescribed for holding courts. *State v. Jeffors*, 64 Mo. 376.

Though we are thus precluded from looking into either the evidence or instructions, yet the verdict being a part of 2. LARCENY: embezzlement. the record, (*Bateson v. Clark*, 37 Mo. 31,) we can examine it, and having done so, decide whether it conforms to the law, and the offense with which the defendant stands charged in the indictment. Looking at the verdict with this view, no error is perceived, for our statute expressly authorizes a person indicted for embezzlement to be convicted of larceny, and *vice versa*. 1 Wag. Stat., § 15, p. 514; *State v. Porter*, 26 Mo. 201. This stat-

ute was overlooked in the case of the *State v. Stone*, 68 Mo. 101, which, but for that statute, was correctly decided, as it proceeded on a theory in entire accord with the general principles governing criminal pleadings. We, therefore, overrule that case and affirm the judgment. All concur.