James Givens, Respondent, v. Henry Van Studdiford, Appellant.

January 16, 1883.

1. Practice — Bill of Exceptions — Motion for a New Trial — Continuance. — An appellate court will not consider a bill of exceptions filed at the third term after the trial, where neither the consent of the parties nor a continuance of the motion for a new trial appears.

2. —— Presumptions. — An appellate court will not presume, in support of a bill of exceptions, that the motion for a new trial was continued for the three terms intervening between the filing and the overruling of it.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

BROADHEAD & HAEUSSLER and E. C. SIMMONS, for the
appellant.

JOHN R. CHRISTIAN, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action for damages against defendant, for per-
mitting a nuisance to be established and maintained on
defendant's premises, by which the value of plaintiff's ad-
joining premises was injured, and the rents which would
otherwise have been derived from them was lost. There
was a verdict and judgment for plaintiff. The case has
been here before, and is reported in 4 Missouri Appeals, at
page 498.

The judgment was rendered on November 28, 1881.
The motion for a new trial filed at the October term was
overruled on May 1, 1882. There is nothing in the record
as to any continuance of the motion for a new trial, either
from the October term to the December term, or from the
December term to the February term, or from the Feb-
ruary term to the April term of the circuit court. It is
contended for the respondent that, as the bill of exceptions
was not filed until the third term after the case was tried;
and, as no agreement of counsel that it should be filed out
of time is shown, there is no bill of exceptions in the case
that can be considered by this court.

The Statute of Westminster giving bills of exception in
England, appointed no time for sealing these bills. But
although no time was appointed, the English judges held
that the nature and reason of the thing required that the
exceptions should be reduced to writing when taken and
disallowed. The usual practice in England and this country
was, to request the judge to note the exception in writing,
and afterwards, during the session of the court, to submit
the bill of exception to him for correction from his notes.
But, although the courts held that the bills ought to be

presented during the trial, the parties were indulged during the term, and no longer. The reason of the rule was the obvious difficulty in settling a bill of exceptions, after the lapse of time when the matters complained of had ceased to be fresh in the mind of the judge.

Under the old Missouri statute (Rev. Stats. 1845, p. 820, sect. 25), the ruling was more strict, and it was held that the exceptions must be reduced to writing and signed during the trial. *Consaul* v. *Lidell*, 7 Mo. 250. Although by consent of parties, the bill might be presented for the judge's signature even at the next term. *Pomeroy* v. *Selmes*, 8 Mo. 727, 732; *Ellis* v. *Andrews*, 25 Mo. 328. No change in this respect was made by the reformed Code of Practice of 1849. But, soon after that date, the statutory provision was changed; and the law has remained ever since as it is to be found in the revision of 1855 (p. 1264, sect. 28), that, "such exception may be written and filed at the time, or during the term of court at which it is taken, and not after. All exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions." Rev. Stats., sect. 3636. Under this provision the question arose, whether, if the trial court continued the motion for a new trial until the next succeeding term, this would have the effect of carrying with it the cause so that exceptions could be preserved and the bill signed at the next term. The supreme court held that it would. *Riddlesbarger* v. *McDaniel*, 38 Mo. 138. Judge Wagner, delivering the opinion of the court, says : —

"The statute provides that exceptions may be written and filed at the time or during the term of the court at which they were taken, and not after; and that all exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions. It has been the uniform practice in this state that a bill of exceptions could not be filed after the term had expired at which the judgment was rendered, except by consent of

parties duly entered of record. But here the question is, whether the motion for a new trial can, at the instance of the court, be continued from the term at which the verdict was rendered until the next succeeding term, and have the effect of carrying with it the cause, so that, upon a final determination of the motion, exceptions may be preserved by the party. The statute intends that the exceptions shall be written out and filed during the term, while the cause rests in the breast of the court. But, where no motion for a new trial is made at the close of the term, there may be good reasons for continuing it until the next succeeding term for final hearing, and until a final hearing and disposition of the motion, the whole matter would unquestionably rest in the breast of the court, and it would be competent for it, in its discretion, for good cause, to sustain the motion and award a new trial. Until this result is reached, it cannot be said that the cause is finally determined. And, as the statute requires all exceptions to be embraced in the same bill, it will be correct if filed at the term when the matter is disposed of."

It is remarked by Chief Justice Sherwood in *Henze* v. *Railroad Company* (71 Mo. 636, 644), that, since the decision in 38 Missouri Reports just cited, the precise point had never been before the supreme court. Whether, if the case were presented, it would be held that, if the motion were continued from term to term, a bill of exceptions might be signed at the term at which the motion was determined, without regard to the lapse of time, may perhaps be questionable. It does not seem necessarily to follow, because a bill of exceptions need not be filed at the trial term, and then another bill at the next term whose sole office would be to preserve the motion for a new trial, that, if the court held the motion for a new trial under advisement after the first term, it might not be necessary to present a bill at the second term ; and, if it be held that a bill of exceptions may be signed at any subsequent term, however distant, this

seems to be against, not only the letter of the statute, but its equity, and to defeat the obvious meaning of the law, by opening the door wide to the mischief which it is intended to meet.

Meanwhile the rulings in this state do not expressly go further than to allow of a signing of a bill at the next term succeeding the trial.

In the case before us there is no consent of parties to signing the bill of exceptions after the trial term. Nor does it appear from anything in the record that the motion for a new trial was continued to the next succeeding term. We cannot, therefore, look at what purports to be the bill of exceptions in this case, unless we are first to hold that, if the motion for a new trial be continued by the court of its own motion for three successive terms, the bill of exceptions may be signed at the last term, and then to indulge the presumption from the action of the court in overruling at the April term a motion submitted at the October term, that the motion had been continued from term to term, although there is no record entry of any such fact.

The maxim that *omnia præsumuntur rite esse acta* has a more limited extent in the consideration of judicial acts, because they are, in general, susceptible of more regular proof than are other official acts. There is a public policy, where there is general evidence of acts having been legally and regularly done, to dispense sometimes with proof of circumstances that are, strictly speaking, essential to the validity of these acts, and by which they are usually accompanied. After the lapse of very many years, the issuing and service of process may be presumed to support an old judgment. But we know of no public policy that requires us to presume a fact necessary to the regularity of procedure, which, if it existed, was susceptible of the readiest and most indisputable proof. " With respect to the general principle of assuming a regularity of procedure, it may perhaps appear to be the true conclusion that, wherever acts

are apparently regular and proper, they ought not to be defeated by the mere suggestion of a possible irregularity. This principle, however, ought not to be carried too far; and it is not desirable to rest on a mere presumption that things were properly done, when the nature of the case will admit of positive proof of the fact, provided it really exists." Evan's Pothier, cited in Best on Presumptions, sect. 68.

The statute provides (sect. 3533) that motions shall be considered and determined without delay, and that bills of exception shall be filed at the trial term, " and not after." By judicial construction, in view probably of the difficulties which must arise in circuits where the sessions of the court are very short, from a strict construction of this provision, it is held that, where the motion is continued by the court to the next term, the bill of exceptions may be signed then. We are now asked to hold, that a bill of exceptions may be signed after the lapse of three terms, without any consent and where it does not appear that the motion for a new trial was ever continued by the court. We are asked to presume three continuances on the sole ground that the trial court passed upon the motion, which it could not legally do if the motion were not within the heart of the court. This presumption, if it could be indulged at all, would then be indulged to support a clear abuse, both in delaying the disposition of a motion for a new trial and in signing a bill of exceptions after the lapse of an unreasonable time since the trial of the cause. For the reasons stated, we do not think the presumption ought to be indulged. Whether we could presume that the motion had been continued, if it had been determined at the next succeeding term, we need not determine, as that is not this case.

We are asked to look at a certified copy of certain record entries at the October, December, and March terms of the circuit court containing all motions undisposed of at those

terms.   This copy has been filed since the argument of the cause, and is no part of the record in this case, and we cannot regard it for that reason.   If there is any defect in the record before us, it cannot be cured by the filing of certified copies of record entries not made a part of the transcript, at least by stipulation.

In *The State* v. *Duckworth* (68 Mo. 156), the bill of exceptions was not filed during the term.   The record showed that, the attorneys on both sides appearing in court on a certain day, upon the application of defendant's attorney, leave was given to file the bill of exceptions within thirty days.   But, inasmuch as this entry did not explicitly state that the attorney for defendant in error consented to the filing of the bill of exceptions out of term, as this appeared nowhere else in the record, the supreme court considered that there was no bill of exceptions before it.

This case has been carefully argued before us by attorneys for appellant, both orally and in elaborate briefs.   It is a matter of regret to us, that the state of the record is such as to preclude an examination of the merits.   But the point is raised that, so far as this record shows, the bill of exceptions was filed out of time, and we see no escape from the conclusion that this is so, and as no consent appears of record, nothing is left for our consideration but the record proper.

As to that, the petition is sufficient to support the judgment under the ruling of this court when the case was here before, which has been affirmed by the supreme court. No error appears upon the record to warrant reversal of the judgment, and it must therefore be affirmed.   All the judges concur.