ALLEN v. BENTON, *Appellant.*

**Motion for Execution against Stockholder: EXCEPTIONS.** In a proceeding under the statute by motion for execution against a stockholder in a corporation, the trial court sustained the motion and ordered execution. The stockholder saved no exception to this action of the court, but filed a motion to set aside the order. This motion was overruled, and to this ruling the stockholder took a bill of exception. *Held* that this was sufficient to bring up for review on appeal the errors alleged to have occurred below in sustaining the motion for execution.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*J. M. & C. H. Krum* for appellant.

*Henry Hitchcock* for respondent.

MARTIN, C.—This was a supplementary proceeding in favor of a judgment creditor of the Bellefontaine Railway Company by motion for an execution against the defendant as a stockholder in said company. The proceeding resulted in an order for an execution against the defendant in the sum of $2,474.81, from which the defendant appealed to the St. Louis court of appeals. The issues of law and fact, so far as the merits of the controversy are concerned, are identical with those in the case of *Jerman's Adm'r v. Benton,* which has been disposed of by us at this term. The only

difference between the records of the two cases consists in the omission of the defendant to except to the action of the court in sustaining the motion for the execution. The court of appeals held that the motion did not constitute a distinct and independent proceeding, but that it had to be treated like any other motion made in a pending suit, and that unless the action of the court, in sustaining or overruling it, was excepted to, no error was saved for review in the appellate courts. The judgment for that reason alone was affirmed, while in the *Jerman case* it was reversed and remanded for error going to the merits of the suit. *Gerard B. Allen & Co. v. Benton*, 9 Mo. App. 579.

I am inclined to think that the court of appeals was right in holding that the motion did not technically constitute an independent proceeding, while.it must be admitted that it is practically treated as such by the profession, and that it was so treated by the parties interested in its determination. Perhaps a lawsuit in its legal sense cannot be regarded as at an end until the judgment has been satisfied in court. And although supplementary proceedings on execution to a certain extent take the place of a suit in chancery, yet as the motion in this proceeding can be entertained only by the court rendering the judgment upon which the execution is asked, it is difficult to clothe it with all the attributes of an independent suit. *Bronson v. Wilmington Life Ins. Co.*, 85 N. C. 411. But the court of appeals, having decided in the *Jerman case* that the facts which are identical with the facts of this record, did not under the law impose a double liability on the defendant as a stockholder, but only a liability for unpaid stock, erred in refusing to reverse the case—an error which appears of record, and was saved by exception to the action on the motion to set aside the final judgment or order appealed from. The action of the court in sustaining the motion for an execution accomplishes nothing unless it is succeeded by an order awarding the execution. The section contemplates a final order to that effect, and expressly declares

that " no execution shall issue against any stockholder, except upon an order of the court." R. S. 1879, § 736.

The order in this case was made after trial of the facts, and is in the nature of a finding in favor of the plaintiff and a judgment or decree in accord therewith. It found defendant owner of 734 shares of the capital stock of the company on the 7th day of June, 1869, of the par value of $100 per share. It also found him liable to plaintiff on account of his said ownership of stock in the full amount of the plaintiff's judgment with interest thereon and costs, recited to be $2,474.81 in full. It then reads as follows : "It is, therefore, ordered by the court that said motion be sustained, and that execution issue herein in favor of the plaintiff and against said William H. Benton for the sum of $2,474.81, together with the costs of this proceeding under the plaintiff's motion for execution herein." The defendant in due time moved to set aside the finding and order which was in all respects treated as a final judgment. In this motion are contained two reasons, one of which is to the effect that the court gave an erroneous instruction at the instance of plaintiff; the other that the plaintiff, under the law and evidence, was not entitled to the order or judgment rendered. The evidence is all preserved in the bill of exceptions, as also the instruction or declaration of law, which the defendant excepted to at the time. The action of the court in overruling this motion is duly excepted to.

Now it appears from the evidence that while the defendant was indebted to the company in the sum of $24,-222 of unpaid stock, the company was indebted to him in the greater sum of $27,665.93, nearly all of which had been reduced to judgment. The stock for which he was indebted was the same stock which passed under consideration in the *Jerman case*, and the facts relating to its issue were the same. By the instruction excepted to, the court declared that under the evidence the defendant was subject to the double liability clause. And it is only under that clause

the defendant could be held liable at all in face of the debts he holds against the company. Under the single liability clause no order could have been made against him for any amount on the facts of the case. Two errors thus become manifest in the proceeding; one in the declaration of the court that the defendant was subject to the double liability clause—an error which might not have been material under a different state of facts or in absence of a final order to the same effect—the other in the final order subjecting him to the double liability clause, which order is clearly not supported or warranted by the evidence, which shows that he was not subject to that clause. Accordingly the judgment of the court of appeals and the judgment of the circuit court are reversed and the cause remanded for trial in pursuance of the principles announced in this opinion, which are more fully stated in the case of *Jerman's Adm'r v. Benton.* All concur.