BANK OF NORTH AMERICA, Appellant, *v*. T. C. FLETCHER,
STOCKHOLDER, Respondent.

March 4, 1884.

1. MOTIONS — BILLS OF EXCEPTIONS — STOCKHOLDER. — A motion for execution against a stockholder is no part of the record unless made so by a bill of exceptions.

2. —— PRACTICE. — A bill of exceptions must be signed at the term at which the motion for a new trial is overruled unless it is done by consent appearing of record.

3. —— APPEALS. — An appeal, granted at a term subsequent to the one at which the motion for a new trial was overruled, must be dismissed.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Appeal dismissed.*

HERMANN & REYBURN and W. C. MARSHALL, for the appellant.

JAS. C. CARR and GEO. D. REYNOLDS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a motion for an execution against a stockholder. The court awarded an execution for $95 only, thereby charging the stockholder in respect of a single share of stock. From this ruling the plaintiff has prosecuted an appeal. We are prevented from considering the merits of the controversy by three insuperable difficulties, which relate to the manner of making up the record, and to the time of signing the bill of exceptions and of taking the appeal.

I. The motion is not incorporated into the bill of exceptions. This has always been held to be such a defect in the record as will prevent the terms of the motion from being considered; for a motion in a cause is no part of the record proper, and can only be made matter of record by being certified by the judge in the bill of exceptions. *Merchants' Ins. Co.* v. *Hill*, 12 Mo. App. 148, 155. But, as we held in the case just cited, this would not necessarily

prevent a review of the proceeding in this court where the terms of the motion were not material, and where the bill of exceptions shows that a motion for an execution against a stockholder was made. In the present case, however, the failure to set out the motion in the bill of exceptions seems to be fatal to our jurisdiction to review the ruling of the court thereon, because the court awarded an execution for $95, in respect of the amount unpaid on one share of stock; and, for aught we can see from the bill of exceptions, the motion did not claim execution for a larger amount. Indeed, the bill of exceptions does not recite that any motion was made at all.

Before dismissing this point, I shall take the liberty, for myself, to say that the rule of practice which we feel bound to follow in this case is, in my opinion, destitute of any foundation in good sense. The supreme court, in the recent case of *Allen* v. *Benton*, 79 Mo. 165, have gone very far towards establishing the doctrine that these motions against stockholders are in the nature of independent actions; and if that court can go further, and lay down the rule, that for the purpose of reviewing such proceedings on appeal, the motion, the notice to the stockholder, the subsequent pleadings, and the entry of the order of the court awarding or denying execution, are to be regarded as parts of the record proper, it will simplify proceedings and prevent failures of justice. It seems to me that this record is made up in this respect in a manner which ought to satisfy any sound rule of procedure. The clerk has set out the motion, the notice to the stockholder, the return thereon, the answer of the stockholder, the reply of the plaintiff, and the judgment or order of the court awarding execution, as though they were parts of the record proper. Then follows the bill of exceptions, just as in the record of an ordinary action. But we understand the rule to be as above stated; and we have no jurisdiction to change the settled rules of procedure.

II. The decision of the court awarding execution in respect of one share of stock only, was made at the February term, 1883. The record recites that " the plaintiff duly excepted." Within four days of the date of this order, the plaintiff filed a motion for new trial. This was overruled at the same term, and the bill of exceptions again recites that " the plaintiff duly excepted." Then it appears that a bill of exceptions was tendered, signed, and sealed during the succeeding term, on May 3, 1883. We do not know any rule of procedure which permits a bill of exceptions to be signed at a term subsequent to the judgment or decision appealed from, unless by consent of parties appearing of record, or unless the decision is carried over or prolonged to such term by a continuance of the motion for new trial. We have had much difficulty with this question. *Givens* v. *Van Studdiford*, 13 Mo. App. 168 ; *Nelson* v. *Withrow*, 14 Mo. App. 270. But in all the cases where it has troubled us, it appeared of record that the motion for new trial had been disposed of at the term at which the bill of exceptions was signed, and we have held that we might presume one continuance for the purpose of saving the rights of the exceptor to a review in this court.

The statute enacts that " such exception may be written and filed at the time or during the term of the court at which it is taken, and not after. All exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions." Rev. Stats., sect. 3636. Under this statute, the decisions of the supreme court and of this court have been uniform to the effect that a bill, of exceptions signed after the lapse of the term at which the judgment was rendered, can not be considered on appeal, except in two cases : 1. Where it has been so signed by consent of the parties, which consent must appear of record. *West* v. *Fowler*, 55 Mo. 300 ; s. c. 59 Mo. 40 ; *Mentzing* v. *Pac. R. Co.*, 64 Mo. 25 ; *Robart* v. *Long*, 65 Mo. 223 ; *Baker* v. *Loring*, Id. 527 ; *The State* v.

*Duckworth,* 68 Mo. 156 ; *The State* v. *Broderick,* 70 Mo. 622 ; *Howes* v. *Holmes,* 2 Mo. App. 81 ; *Bosley* v. *Hart,* 7 Mo. App. 581.   2. Where the motion for a new trial is continued to a succeeding term, at which the bill of exceptions is signed.  *Henze* v. *St. Louis, etc., R. Co.,* 71 Mo. 636, 644; *Riddlesbarger* v. *McDaniel,* 38 Mo. 139 ; *Gray* v. *Parker, Id.* 160; *Nelson* v. *Withrow,* 14 Mo. App. 270. In all other cases where the bill of exceptions has been signed after the lapse of the term at which the judgment was rendered, it has been the constant practice of the supreme court and of this court, either to strike out the bill of exceptions on motion ( *Wright* v. *Sheur,* 55 Mo. 70), or to disregard it in the determination of the cause on the appeal or writ of error.   In addition to the preceding cases, see for illustrations of this statement, *Hoffelman* v. *Frank* (52 Mo. 542), *Dale* v. *Patterson* (63 Mo. 98), *Eau Claire Lumber Co.* v. *Howard* (76 Mo. 517).   The case of *The State* v. *Broderick* (70 Mo. 622), was, in respect of this point of practice, exactly like the case at bar, except that that was a criminal case, in which the defendant had been convicted of a felony, and sentenced to a term in the penitentiary.   There, the motion for a new trial was overruled at the March term, and the bill of exceptions was not filed until the May term.   It was held that the bill of exceptions could not be considered.   It was also held, that in order to determine whether a bill of exceptions is filed after the term, the court would take judicial notice of the time fixed by the statute for holding the court.   Applying the rule established by this decision to the present case, we must notice judicially that, the present bill of exceptions, according to its recitals, having been tendered, signed, and sealed on the third day of May, 1883, was tendered, signed, and sealed at the April term, 1883, whereas, the motion for new trial, according to the recitals of the bill of exceptions, was overruled on March 16, 1883, which must have been at a term prior to the April term, 1883.   It follows that the

bill of exceptions can not be considered for any purpose connected with the merits of the appeal, though, of course, its recitals are looked to for the purpose of ascertaining whether it can be regarded as a bill of exceptions at all. It is here proper to observe that the minute entries, which the clerk has copied into the transcript, show that the motion for new trial was filed on March 1, 1883, and during the February term ; that there was a general order on the last day of that term, continuing all motions, demurrers, and causes undisposed of, including all motions for a new trial, to the April term, and that the motion for new trial in this case was overruled on April 9, 1883, which was a day of the April term. But it is a well settled rule of practice, in this state, that the entries made by the clerk of the circuit court upon the minutes of the court, of the date or fact of the filing or overruling of motions, forms no part of the record, and can only be noticed on appeal or writ of error when they are made a part of the record by a bill of exceptions. In the case of *Holt* v. *Simmons* (14 Mo. App. 450), a majority of this court held, at the last term, that even an entry of a general order continuing motions, etc., can not be considered for the purpose of saving a party's right to his bill of exceptions, unless it is shown by such bill. I thought, in that case, that we were carrying the rule too far. I could not understand why an order of continuance which emanates from the breast of the judge, which goes upon the minutes of the court, and, if the law is complied with, is there authenticated by his signature, is not sufficiently certified to us when it is certified by the clerk. But such being the rule of practice, the certificate of the judge, under his hand and seal at the foot of what purports to be a bill of exceptions, must be looked to as showing the dates at which the motion for new trial was overruled, and at which the bill of exceptions was signed, although it may not agree with the minute entries which the clerk has seen fit to copy into his transcript.

III. Another ground which equally precludes us from considering the merits of this controversy is, that the appeal itself was not prayed for and granted within the time allowed by law. The statute recites that " no appeal shall be allowed unless  *  *  * it be made during the term at which the judgment or decision appealed from was rendered." Rev. Stats., sect. 3712. Under a similar statute, it was held by the supreme court that an appeal taken before the clerk in vacation, after the lapse of the term at which the judgment had been rendered, must be dismissed. *Stavely* v. *Kunkel*, 27 Mo. 422. In this case, it appears that the judgment or order was rendered at the February term, 1883, and that the appeal was taken at the April term, 1883. And it affirmatively appears, from what purports to be the bill of exceptions, that the cause had not been prolonged to the April term by a continuance of the motion for new trial, but that this motion was overruled at the February term. This being so, the cause was entirely ended for every purpose except the enforcement of the final order, or the correction of the record by *nunc pro tunc* entries.

From the foregoing, it appears : 1. That there is no appeal to this court which gives us jurisdiction to consider the merits of the controversy. 2. That if there were such an appeal, there is no record here which can be considered at all. There is no record proper, because such a thing is unknown in this proceeding by motion ; and there is no bill of exceptions, because what purports to be such was not signed within the time allowed by law. It follows that there is nothing before us upon which we can exercise any jurisdiction, except to dismiss the appeal. It is accordingly ordered that the appeal be dismissed. All the judges concur.

THOMPSON, J., delivered the opinion of the court on motion for rehearing.

The opinion already delivered shows that we find it impossible to examine the merits of this controversy for three

reasons : 1. The motion, which was the foundation of the proceeding, was not incorporated into the bill of exceptions, and the terms of it were material to be considered. 2. Because the bill of exceptions showed that it had not been signed at the term at which the judgment on the motion was rendered, and did show that the motion for a new trial had been overruled at a previous term. 3. Because it appeared that the appeal had been taken at a term subsequent to that at which, according to the recitals in the bill of exceptions, the motion for new trial had been overruled.

We are now asked to grant a rehearing on the ground that our first ruling is in conflict with the recent decision of the supreme court in *Allen* v. *Benton* (79 Mo. 165). We had a certified copy of that decision before us, and examined it carefully before our opinion was written, and found that there was nothing in it that overturned, or even touched upon, the rule of practice which has long been settled in this state, that a motion is no part of the record in a cause, unless made so by being incorporated into a bill of exceptions. The defect in the record upon this point alone renders it impossible for us to grant a rehearing.

An effort is now made to obviate our ruling as to the other two points, by amending the bill of exceptions in the circuit court, so as to conform to what is shown by an affidavit and by a certiffcate of the clerk of the circuit court touching his minute entries in this cause to have been the fact, namely, that the motion for new trial was not overruled at the February term, as stated in the bill of exceptions, but was continued until the April term. Whether we could, if the difficulty were out of the way which arises from the failure to incorporate the motion into the bill of exceptions, grant a rehearing of the cause, and allow the record to be now amended, may be gravely doubted. The general rule upon which we have acted is, that where an appellant assigns error upon a record, and

there is a joinder in error, he can not afterwards have the record amended without a showing of diligence on his part. In this case, the appellant brought his own record to this court, made up in his own way; he assigned errors upon it; the cause was submitted to this court upon it; and after our opinion has been delivered, the appellant seeks to be allowed to amend the record, and to have a rehearing upon the record so amended. To allow this to be done without a showing of some good excuse for not having the record corrected at the proper time, would put a premium upon negligence on the part of counsel, and establish a very loose and mischievous practice. A strong reason why this should not be allowed in the present case, is found in the fact, that before the cause was submitted, namely, on the 1st of December, 1883, the respondent's counsel distinctly drew the attention of the appellant's counsel to this defect of the record, by a motion to strike out the bill of exceptions, on the ground that the same had not been allowed and signed at the term on which the judgment had been rendered.

The first objection taken in the opinion of the court, to the manner in which the record is made up, precludes us from examining the decision on the merits, and, consequently, from granting a rehearing; but, in overruling the motion, we do not wish to be understood as sanctioning such a practice as would be introduced by amending the record and granting the motion for rehearing, under the circumstances of this case, if that difficulty were out of the way.

The motion for rehearing is accordingly overruled. All the judges concur.