R. D. KOHN, Respondent, *v.* J. B. C. LUCAS ET AL., Appellants.

### March 17, 1885.

1. STOCKHOLDERS—MOTION FOR EXECUTION — ACTIONS.—A motion for execution against a stockholder of an insolvent corporation, is not a new suit, but is merely a step in the cause in which the judgment has been obtained against the corporation.

2.—PRACTICE—BILLS OF EXCEPTIONS.—A motion for execution against a stockholder forms no part of the record, unless set out in the bill of exceptions.

3.—The fact that the clerk of the trial court embodies in the transcript of the record motions not incorporated in the bill of exceptions does not make them a part of the record.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

W. H. CLOPTON, for the appellant.
H. I. D'ARCY and J. P. MAGINN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

That motions made in any case cannot be noticed by appellate courts, unless they are set out in the bill of exceptions, has been so frequently and uniformly decided in this state, that the point must be considered definitely settled.—*State* v. *Wall*, 15 Mo. 208; *Loudon* v. *King*, 22 Mo. 337; *Corby* v. *Tracy*, 62 Mo. 515; *McCarthy* v. *McGinnis*, 76 Mo. 345; *State* v. *Gee*, 79 Mo. 313. Nor is the appellant who thus fails to incorporate the motion in his bill of exceptions, aided by the fact that the clerk incorporates the same in the transcript as part of the record proper; because it has been decided with equal uniformity, that a clerk cannot make anything a part of the record which he sees fit to incorporate into the transcript thereof.—*United States* v. *Gamble*, 10 Mo. 459; *Christy* v. *Meyer*, 21 Mo. 112; *Blount* v. *Zink*, 55 Mo. 455; *Jefferson City* v. *Opel*, 67 Mo. 394; *Ober* v. *Railroad Co.*, 13 Mo. App. 84.

A proceeding by motion for execution against a stockholder of an insolvent corporation, is in no sense the institution of an independent suit, but a mere supplementary proceeding in aid of the execution against the corporation.—*Allen* v. *Benton*, 9 Mo. App. 579; s. c. 79 Mo. 165. It was held that such proceeding being a mere "sequence, dependency, or supplemental proceeding" for enforcing the judgment against the corporation, it cannot be removed to the federal courts upon application of a non-resident stockholder, who is brought in by this motion.—*Webber* v. *Humphreys*, 5 Dill. C. C. 227. In fact, no more conclusive argument in support of this position can be adduced than the one made by appellant in this case; that there is nothing in the statute requiring such motion to be made in writing.

It must be conceded, therefore, that motions of this character stand upon the same footing as other motions made in a case, and can not be considered by appellate courts in reviewing the action of the trial court, unless

they are made part of the record by being incorporated in the bill of exceptions. This was not done, nor is it claimed to have been done in this case. True, the motion is set out in full by the clerk in the transcript, but that fact, under numerous decisions, above quoted, covering this identical point, does not justify us in considering it as a part of the record for any purpose.

The appellants contend that sufficient appears in the bill of exceptions to enable us to infer that such a motion was made and sustained, and that under the rule laid down in *Insurance Co. v. Hill* (12 Mo. App. 155), we are not necessarily prevented from reviewing the proceedings in this court, although the motion is not inserted in the bill of exceptions in full, provided the terms of the motion are not material.

In passing upon this argument, we state that the bill of exceptions in the Hill case, while failing to set out the motion in terms, distinctly states that such a motion was made, and that all the proceedings had, were had in regard thereto, which in this case, if it appears at all, appears as mere matter of inference and marginal annotation. The rule that the terms of a motion must be set out in the record to entitle it to be considered by appellate courts, was established both for the protection of litigants and trial courts, and while technical in its character, is salutary in its operation. Every inroad made upon it furnishes a pretext for the demand of further inroads, and every concession is claimed as a warrant for further concessions. Such a course would necessarily lead to its final abrogation. We are not prepared to follow the departure indicated in the Hill case further than a just regard for precedents necessarily compels us to do, and cannot extend it to meet the exigences of this case.

The view we have herein above expressed relieves us of considering other points involved in this appeal. The judgment of the trial court will be affirmed. It is so ordered. Judge Lewis concurs ; Judge Thompson dissents.

Dissenting opinion by THOMPSON, J.

I dissent. I see nothing to distinguish this case from

*Insurance Co.* v. *Hill* (12 Mo. App. 155). It is plain from the bill of exceptions in this case that a motion was made for judgment in favor of John B. C. Lucas, and John B. Johnson, as stockholders of the Butchers and Drovers Bank by Rudolph D. Kohn, a judgment creditor of the bank for execution against them. The entry of the order, awarding execution, plainly shows all these facts, and this is incorporated into the bill of exceptions. The words in the caption of this order "motion for execution against John B. C. Lucas and John B. Johnson," are as much a part of the order itself as the names of the parties in said caption, and ought to be so read and understood, when necessary to save the rights of the appellants to have their appeal considered on its merits. It is conceded in the opinion of the court in this case that such a motion as this need not be made in writing, and I so understand the law. This being so, I do not understand the force of the argument that such a motion should be set out in the bill of exceptions. It is sufficient in my opinion, that the bill of exceptions shows that such a motion was made ; and I have to shut my eyes not to know that the bill of exceptions shows that fact in this case.