St. Louis Plattdeutscher Club, Respondent, *v.* F. Tegeler et al., Appellants.

May 5, 1885.

1. Practice — Presumptions — Continuance of Motion for New Trial.—The continuance of a motion for a new trial will, for the purpose of saving the right of appeal, be presumed, where it appears that such motion was overruled and the bill of exceptions signed at the term next succeeding that at which the judgment was rendered.

2. Bonds—Conditional Execution—Escrow.—A bond signed and delivered in escrow on condition that another shall sign it before it shall become binding upon the signer, is not binding if accepted by the obligee without the signature of such other person.

Appeal from the St. Louis Circuit Court, Barclay, J.

*Reversed and remanded.*

Henry Hitchcock, Jr., for the appellant: "If a bond contain the names of other obligors and is delivered without the signature of all, the obligor must enquire whether those who have signed consent to its being delivered without the signatures of others."—*State to use* v. *Potter*, 63 Mo. 212, citing *Fletcher* v. *Austin*, 11 Vt. 447; *Brown* v. *Baker*, 64 Mo. 167; *State ex rel.* v. *Modrel*, 69 Mo. 152.

C. A. Schnake, for the respondent: The motion for a new trial was submitted at a term subsequent to that at which the judgment was rendered.—*Gill* v. *Scruggs*, 79 Mo. 187; *Givens* v. *Van Studdiford*, 13 Mo. App. 168. And there being no general or special order of the court continuing the motion, it is necessary that the bill of exceptions should show an exception to the failure of the court to continue the motion.—*Nelson* v. *Withrow*, 14 Mo. App. 270; *Holt* v. *Simmons*, 14 Mo. App. 450. The instrument became binding on all those who signed, sealed, and delivered it, although the names of only a part of them are recited in the body of the instrument.—

*Keeton* v. *Spradling*, 14 Mo. 321 ; *Johnson* v. *Steamboat Lehigh*, 13 Mo. 539 ; *Cunnningham* v. *The State*, 13 Mo. 402.

LEWIS, P. J., delivered the opinion of the court.

The record shows that this cause was tried in the circuit court at the February term, 1884, and that a motion for new trial was filed within the proper time. No entry appears in the bill of exceptions or elsewhere, of a continuance of the motion, but it was overruled on a day in the next succeeding term. The respondent therefore claims, on authority of *Givens* v. *Van Studdiford* (13 Mo. App. 168), that we should disregard the motion for a new trial, as having passed out of the jurisdiction of the trial court, for want of a continuance. This court, in *Givens* v. *Van Studdiford*, refused to presume successive continuances of a motion over the lapse of three terms. But it has never declined to consider a cause upon its merits, when they might be reached through the presumption of a single continuance of such a motion. — *Nelson* v. *Withrow*, 14 Mo. App. 270.

The official bond given by defendant, Tegeler, as treasurer of the plaintiff, purports on its face to be the bond of Fred. Tegeler, as principal, and E. W. Hehmann and F. Meyer, as sureties. It is not signed by either of the alleged sureties, but is signed by the defendants George Fichtel and Henry Wittich, whose names appear nowhere else in the instrument, and by the defendant, Tegeler. There was testimony tending to show that, when Fichtel and Wittich were asked to sign the bond, they saw the names of Hehmann and Meyer written therein, and signed only upon the express condition and understanding with Tegeler, that the bond should also be executed by those persons before being presented for acceptance by the plaintiff. That, when the bond was offered at a meeting of the plaintiff club, objection was made on account of the absence of the signatures of Hehmann and Meyer, and a motion to accept the bond was defeated for that reason. Witnesses disagreed as to

whether there was ever a formal acceptance of the bond at any meeting of the club.   Upon this state of facts, the defendants Fitchel and Wittich claim that they are under no liability on the bond.

The legal question thus presented has been a subject of judicial discussion in very many cases, in Missouri and elsewhere.   But the opinion of Chief Justice Sherwood in *State to use*, v. *Potter* (63 Mo. 212), contains such an exhaustive review of the leading adjudications, and its conclusions are so thoroughly harmonious with the sound principles which underlie apparently conflicting decisions that there is no need to look any further for general light on the subject, even aside from the controlling authority of the opinion itself.   Throughout the opinion a distinction is carefully observed between cases wherein the bond is complete and regular on its face when presented to the obligee, and there is no knowledge nor any reason for a suspicion on his part that the execution was otherwise than unconditional, and those cases wherein, from manifest incompleteness or irregularity in the bond itself, or from more direct information, the obligee when accepting the bond is made aware of the conditional nature of the undertaking.   It is clearly shown that in the first mentioned class—of which the case then under consideration was one—the defence here set up cannot be entertained.   It was held therefore that the trial court had erred in refusing an instruction to the effect that, although it might appear that Potter, the surety, signed the bond under an agreement with Turley, the principal, that it was not to be filed or delivered until also executed by Bothwick as surety; "yet if said bond was afterwards, in violation of said agreement, filed by said Turley in the county court of Pettis county, Missouri, and was approved by said court, and said bond was, when so filed and approved, *complete and regular upon its face*, and the officers of said court had no notice of said agreement between said Turley and said Potter, then such agreement constitutes no defence to this suit, and the court must find for the plaintiff."   Said the

learned Chief Justice: "Here, the surety who defends this action invested the principal with an apparent authority to deliver the bond; and there was nothing on the face of the bond, or in any of the attending circumstances, to apprise the official who accepted it, that there was any secret agreement which should preclude the acceptance of the bond." But, as to the second class of cases above mentioned, the views of the same authority will easily appear from his references to the adjudications upon some of them. Commenting on *Ayers* v. *Milroy* (53 Mo. 516), Judge Sherwood says: "There the suit was on a non-negotiable note signed by the surety on the express condition, which was not complied with by the principal, that he would obtain the signature of another surety before delivering the note to the creditor. And it was held that these facts constituted a valid defence, and that the same rule was applicable to all instruments non-negotiable, whether notes or bonds. The conclusion reached was a correct one, whatever may be thought of the reasons on which it was based, for it was conceded throughout the whole case that the plaintiff was apprised of the condition on which the surety was to be bound. Knowing this, the plaintiff acted in bad faith in his acceptance of the note, and therefore should have been denied a recovery on that ground alone, regardless of other considerations; and this last ground was the one which induced the concurrence of those who, disapproving of the reasoning employed, joined in the approval of the result." Referring to *Aude* v. *Dixon* (5 Eng. L. & Eq. 512), he says: "The note there, however, would appear to have been incomplete, as a blank space was left where the intended surety was to sign. But if this circumstance *was not taken into account*, the decision is clearly contrary to the decisions of this court, and of other American tribunals." After remarking upon sundry other cases belonging to either of the two classes above distinguished, the learned Chief Justice proceeds: "It has doubtless been observed that, in nearly all the cases relied on by defendant, of which I

have given the gist, the judicial utterances were mere *obiter dicta*, or else there was something apparent on the face of the bond evincing incompleteness, or some attendant circumstances showing knowledge or its equivalent on the part of the recipient of the bond or other instrument, that its delivery was not to occur, except other signatures were first obtained, or other antecedent acts done of equal importance."

.It thus appears that, while passing upon a case wherein the defence under consideration was held to be insufficient, our Supreme Court pointed out the essential conditions which make it so, to-wit: The completeness and regularity of the bond on its face, and the absence of any attendant circumstances likely to apprise the obligee of the conditional nature of the surety's undertaking. It is impossible to consider the emphasis given to the conditions, as productive of the result, without inferring a contrary result from opposite conditions. The cases in which the defence was sustained are referred to, not for the purpose of questioning their authority but in order to show that their different conditions made them inapplicable to the case in hand. The same cases are, however, clearly in point as authorities for the one here before us.

The bond sued on was, when presented to the club, incomplete on its face, and not ready for delivery. It averred that Hehmann and Meyers were parties to it, as sureties, and no language could have more explicitly declared that they were to sign, in order to make it complete and deliverable. Members of the club perceived this and promptly raised the objection. It was not objected that the names already signed were insufficient in responsibility. On the contrary, it seems to have been understood that a bond properly drawn and filled would be acceptable, with no other names as sureties. A form was accordingly given to Tegeler, so filled in, for him to obtain the same signatures, but he failed or neglected to procure them, and never in fact presented such a completed bond. The testimony clearly shows that the bond

presented was objected to on the distinct ground that it was incomplete, and not executed in the manner provided for on its face. The rights of the defendant sureties could not be changed by a subsequent acceptance.

The circuit court appears to have proceeded on the theory that the defendant sureties were bound, notwithstanding the conditions stipulated for in their signing, and although it appeared on the face of the bond, when presented, that it was incomplete and not in a proper condition for delivery in accordance with its terms. We think that this was an erroneous application of the law to the facts of the case, and therefore reverse the judgment and remand the cause. All the judges concur.