| 40 | 367 |
| 40 | 576 |
| 40 | 367 |
| 52 | 648 |
| 53 | 491 |
| 40 | 367 |
| 59 | 586 |
| 40 | 367 |
| 61 | 433 |

THE MONROE CITY BANK, Defendant in Error, v. JAMES T. FINKS AND GEORGE P. MUDD; JOHN H. FINKS, Attaching Creditor, Plaintiff in Error.

St. Louis Court of Appeals, April 1, 1890.

Practice, Appellate: NECESSITY FOR BILL OF EXCEPTIONS. A motion is not a part of the record of a cause, unless it is made so by a bill of exceptions, nor can a ruling upon it be reviewed, if it be not incorporated in the bill of exceptions; and this applies to a motion by an attaching creditor for leave to defend a prior attachment proceeding against the attachment debtor.

*Writ of Error to the Monroe Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*Bristow & Lighter*, for the plaintiff in error.

The attaching creditor complains of the action of the trial court in overruling his motion to be allowed to appear and defend, the court holding that the motion came too late, but the attaching creditor is not entitled to appear until the attached debtor makes default. R. S. 1879, sec. 570; *Engel v. Dussel*, 26 Mo. App. 39.

*D. G. Davenport* and *A. M. Alexander*, for the defendant in error.

There is no evidence before this court that plaintiff in error asked to be made a party in this cause. If any such motion was made, it is not a part of the record, and as there has never been any bill of exceptions made or filed in this cause, this court has no evidence of the filing of any such motion. Although the clerk may have inserted what purports to be a motion in the transcript, it is no part of the record, for it is inserted contrary to rule 13 of this court, and is not thereby made any part of the record in this cause. *Butler v. Thomas*, 36 Mo. App. 105; *McNeil v. Ins. Co.*, 30 Mo. App. 306; *State v. Swiney*, 68 Mo. 96; *Bollinger v. Carrier*, 79 Mo. 318; *Shaughnessy v. St. Louis*, 7 Mo. App. 591; *Berkly v. Kobes*, 13 Mo. App. 502; *State v. Batchelor*, 15 Mo. 208; *State v. Marshall*, 36 Mo. 400. There is no evidence of a motion for a new trial or in arrest of judgment in the refusal of the court below to permit John H. Finks to defend for James T. Finks. Such motions can only appear by bill of exceptions. *Butler v. Thomas*, 36 Mo. App. 105; *McNeil v. Ins. Co.*, 30 Mo. App. 306, and authorities above cited. If the paper copied into the transcript by the clerk be treated as a motion properly in the record in this case, then there is not a particle of evidence that John H. Finks was an attaching creditor of James T. Finks, or

that he had the same property attached that had been attached by defendant in error. The fact that it is alleged in what is claimed to be the motion that John H. Finks was an attaching creditor of James T. Finks is no evidence of the fact so alleged. *State v. Carter*, 98 Mo. 176, 181; *Helm v. Gore*, 65 Mo. 430; *Bartlett v. Draper*, 3 Mo. 487; *Knox v. Sikes*, 15 Mo. 235

THOMPSON, J., delivered the opinion of the court.

There is no bill of exceptions in this record; but the record proper and certain other entries which the clerk of the circuit court has seen fit to copy into the transcript show that an action was begun by attachment by the Monroe City Bank against James F. Finks and George P. Mudd, on two promissory notes; that the attachment was levied upon certain real property and that there was an order of publication; that on the fourth day of November, 1889, there was a judgment by default and a final judgment for the plaintiff; that on the sixth day of November, 1889, John H. Finks filed a motion, reciting that he was an attaching creditor of James T. Finks, and asking that the judgment be set aside, and that he be permitted to come in and defend,—which motion was by the court overruled on the same day; and that, on the seventh of November, John H. Finks filed a motion in arrest of the judgment, so called, dismissing his petition to be allowed power to defend, which was also overruled. To reverse this ruling, John H. Finks prosecutes this writ of error.

The record proper in this case consists of the petition, the writ of attachment, the sheriff's return thereon, the order of publication and the entry of judgment. See *Bateson v. Clark*, 37 Mo. 31, 34; *Richardson v. George*, 34 Mo. 104. There the record ends. The other matters above disclosed form no part of the record proper; and, although the clerk has seen proper to copy them into the transcript, we cannot look to

them for any purpose, in accordance with decisions so numerous and so often repeated that we ought not to be expected to cite them. It is a settled rule of appellate procedure in this state that no *motion* forms a part of the record, unless it is made such by being incorporated in a bill of exceptions. *Butcher v. Keil*, 1 Mo. 262; *United States v. Gamble*, 10 Mo. 457; *State v. Wall*, 15 Mo. 208; *St. Louis v. Milligan*, 18 Mo. 181; *Christy's Adm'r v. Myers*, 21 Mo. 112; *Kohn v. Lucas*, 17 Mo. App. 29; *Robinson v. Suter*, 15 Mo. App. 599; *Ober v. Railroad*, 13 Mo. App. 81; *Bank v. Fletcher*, 15 Mo. App. 272; *State v. Gee*, 79 Mo. 313. So, as to motions for new trial and in arrest of judgment. *State v. Marshall*, 36 Mo. 400; *Powell v. Bevin*, 11 Mo. App. 220; *McNeil v. Ins. Co.*, 30 Mo. App. 306, and cases there cited; *Puller v. Thomas*, 36 Mo. App. 105.

In this case there is no evidence before us that any motion was made, for this could only be shown by a bill of exceptions. There is no evidence that any exception was taken to the overruling of the same, if made; for, assuming that the so-called motion in arrest could be treated as an exception, there is no evidence that this was filed and overruled, since *it* is not shown by a bill of exceptions.

But the plaintiff in error seeks to take the case out of the operation of this rule by the suggestion that such a motion in writing to be allowed to come in and defend is in the nature of a petition, and not a mere motion. We are not of this opinion. It is not in any sense the foundation of any independent proceeding. It is simply a mode of moving the court for the privilege which the statute accords to other attaching creditors, where the defendant neglects to defend the action (Revised Statutes, 1889, section 570), and which the court may "in its discretion" grant or refuse. R. S., sec. 576. The motion in a proceeding under the statute

by a judgment creditor of a corporation against a stock-holder is much more nearly a petition, because it is the foundation of an independent supplementary proceeding; and yet it is held that such a motion must be shown by a bill of exceptions. *Kohn v. Lucas*, 17 Mo. App. 29.

But what would be gained by the argument, if it were a petition? It does not prove itself, and the burden of proof is on the petition. The mere fact of the filing of the petition, and of its being overruled by the court, is not even evidence that the petitioner is an attaching creditor. We cannot speculate upon the reasons why the court overruled it, nor decide whether or not it was filed in time, since the court may not have overruled for any other reason than that no evidence was offered in support of its allegation that the petitioner was an attaching creditor.

The order of the circuit court will be affirmed. All the judges concur.