Ross E. BROOK, Respondent, v. AZRO J. DAGGS *et al.*, Appellants.

St. Louis Court of Appeals, May 1, 1894.

Practice Appellate: REVIEW OF MATTER OF EXCEPTION. Neither the refusal of a change of venue nor the misjoinder of causes of action can be reviewed on appeal, if no exception has been saved thereto. Nor can the overruling of a motion in arrest be reviewed, unless it has been preserved by bill of exceptions.

*Appeal from the Scotland Circuit Court.*

AFFIRMED.

*N. M. Pettingill* for appellants.

*John D. Smoot* for respondent.

ROMBAUER, P. J.—This action was originally brought before a justice of the peace. The plaintiff's statement contains five counts, with a prayer for judgment in the aggregate sum of $250. While the appeal was pending in the circuit court, the defendants, it would seem, moved for a change of venue. That motion being overruled, the defendants, it would seem, moved the court to compel the plaintiff to elect, which motion it is claimed the court likewise overruled. The parties thereupon went to trial before a jury, and the plaintiff obtained a verdict for $110, which the defendants now seek to challenge as informal. The defendants took an appeal from the judgment entered upon this verdict, but never filed any bill of exceptions.

It is difficult to comprehend what is sought to be reviewed on this appeal. All the matters which are now complained of are matters of exception, and there are no exceptions in the transcript. The refusal of the court to change the venue and the misjoinder of causes of action, not being excepted to, can not be complained of. *State v. Ware*, 69 Mo. 332. There seems to have been a motion in arrest filed complaining of this misjoinder, and the informality of the verdict, but, as such motion is not set out in any bill of exceptions, even that motion is not before us. *Kohn v. Lucas*, 17 Mo. App. 29. The claim that the aggregate of accounts filed before the justice exceeds the jurisdiction of that officer is not borne out by an inspection of the record. The judgment must, therefore, be affirmed. So ordered. All concur.