GILL, *Appellant*, v. SCRUGGS.

**Practice in Supreme Court**: APPEAL: BILL OF EXCEPTIONS. This court acquires no jurisdiction over a case by appeal unless taken at the term when final judgment is rendered; at such term, also, the bill of exceptions must be filed unless carried over by consent of both parties and of the court, entered of record.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

STRICKEN FROM THE DOCKET.

*Samuel Hardwicke* for appellant.

*D. C. Allen* for respondents.

PHILIPS, C.—The record in this case is in an anomalous condition. The transcript first sets out the pleadings, and following this is what purports to be the bill of exceptions. The record proper does not show any trial or judgment or other record entries. But in the part designated as the bill of exceptions appear the trial and judgment and other entries. Looking at this so-called bill of exceptions we find that the trial was had at the September term, 1878, and judgment then rendered. Motion for new trial was entered and overruled at that term. Motion in arrest was filed on the 6th day of March, 1879, which went over to next term, when it was overruled. Then at the March term, 1880, the bill of exceptions was filed and appeal taken. How the cause was thus carried over to 1880 does not appear. By express provision of the statute the appeal must be taken at the term when final judgment is rendered, as also the bill of exceptions, unless carried over by consent of both parties and that of the court, entered of record. So it is manifest that this court has not acquired jurisdiction over this case by appeal, and the cause should be stricken from the docket, which is accordingly recommended. All concur. So ordered.