ANNA STEVENS, Appellant, v. E. L. STEVENS, Respondent.

St. Louis Court of Appeals, March 7, 1889.

1. **Bill of Exceptions**: EXTENSION OF TIME. An order of court extending the time for filing a bill of exceptions must, in order to be effectual, be entered during the term at which the exceptions were taken.

2. **Bill of Exceptions** : DISMISSAL OF APPEAL. Although there was error in the refusal of the court to strike out a bill of exceptions improperly filed, this will constitute no ground for a dismissal of the appeal. The appellate court will examine the record proper, and, upon finding no error therein, will affirm the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*John J. O'Connor*, for the appellant.

Court did not err in granting appellant an extension of time in which to file her bill of exceptions, and the bill was properly allowed. *Saulsbury v. Alexander*, 1 Mo. App. 209 ; *Miller v. Railroad*, 5 Mo. App. 471.

*William C.* and *James C. Jones*, for the respondent.

Under the statute the court has the power to grant leave to file bill of exceptions after the trial term, but this order must be made during the term, and, unless the bill is filed within the time specified in such order, it becomes a nullity. The court has no authority to grant a second extension of time. *West v. Fowler*, 55 Mo. 300, 301; *Clark v. Bellock*, 65 Mo. 535; *Smith v. Pollack*, 58 Mo. 161; *Dale v. Patterson*, 63 Mo. 98; *Spencer v. Railroad*, ——— ; *Gill v. Scruggs*, 79 Mo. 187; *Taylor v. Newman*, 77 Mo. 262; R. S. 3656; *Holloway v. City of Moberly*, 18 Mo. App. 553, and cases cited; *Baker v. Loring*, 65 Mo. 527; *West v. Fowler*, 59 Mo.; s. c., 55 Mo. 300; *Cuomo v. City of St. Joseph*, 24 Mo. App. 569; *Hurt v. King*, 24 Mo. 597; *Sinclair v. Bolivar*, 19 Mo. App. 37. The court had no power to grant the second extension of time in which to file the bill of exceptions, inasmuch as it lost all power to make such order at the expiration of the term of court at which the motion for new trial was overruled. When a bill of exceptions is not filed on time it may be stricken out on motion. *Wright v. Sheur*, 55 Mo. 70.

ROMBAUER, P. J., delivered the opinion of the court.

The respondent moves to dismiss this appeal, because it appears by the record that the bill of exceptions, filed by the appellant, was not filed during the term at which the motion for new trial was overruled, nor within the time specified by the court in its order extending the time in which to file said bill of exceptions.

It appears by the record, that final judgment overruling plaintiff's motion for new trial was rendered herein by the trial court at the October term, 1888, and

that on the last day of said term the plaintiff took an appeal and the court by an order, duly entered of record, granted her thirty days thereafter within which to file her bill of exceptions.  On December 29, such date being within the next term of the court and within the thirty days, the court upon plaintiff's application extended this time by record entry until January 2, 1889, which date was after the expiration of the thirty days originally granted.  On said second day of January, the plaintiff filed her bill of exceptions, which was then signed, sealed and filed, the defendant objecting.  The defendant thereupon moved to strike the bill of exceptions filed by plaintiff from the record, because not filed in time, which motion the court overruled, the defendant excepting.

The statute (R. S. 1879, sec. 3636) provides that, "an exception may be written and filed at the time, or during the term of the court at which it is taken, and not after."

The uniform construction of this statute, by the courts, has been, that no valid bill of exceptions could be filed after the expiration of the term at which the final exceptions are taken, except by the consent of parties entered on record by leave of court during the term, and then only within the time agreed upon. *West v. Fowler*, 55 Mo. 300 ; *Clark v. Bullock*, 65 Mo. 535 ; *Smith v. Pollack*, 58 Mo. 161 ; *Dale v. Patterson*, 63 Mo. 98; *McCarthy v. Cunningham*, 75 Mo. 279 ; *Taylor v. Newman*, 77 Mo. 262 ; *Gill v. Scruggs*, 79 Mo. 187 ; *Holloway v. City of Moberly*, 18 Mo. App. 553; *Sinclair v. Bolivar*, 19 Mo. App. 37 ; *Cuomo v. City of St. Joseph*, 24 Mo. App. 569.

In *Wright v. Sheur*, 55 Mo. 70, it was decided that where a bill of exceptions is not filed in time, it may be stricken out on motion, in the appellate court.

In 1885, the statute was amended so as to read: "Such exceptions may be written and filed at the time or during the term of the court at which it is (they are) taken, or within such time thereafter as the court may by an order entered of record allow." Laws of 1885, p. 215. The only change in the law which this statute makes, is that it dispenses with the consent of the parties and permits the court, in all cases where it deems proper, to permit a bill of exceptions to be filed after the expiration of the term, regardless of such consent. But the order extending the time must still be made within the term. Any other construction would lead to the result that a court might permit the filing of a bill of exceptions in a cause, years after its final disposition, provided it caused an order to that effect to be entered upon its records, when the bill is actually filed. Such construction is at war with the general policy of the law, which favors a speedy disposition of causes, and cannot be adopted unless it were the only admissible construction.

The appellant has referred us to *Saulsbury v. Alexander*, 1 Mo. App. 209, and *Miller v. Railroad*, 5. Mo. App. 471. In these cases the trial court permitted a filing of the bill of exceptions within the term, but at dates when the appellant's right to file a bill, under the applicatory rule of the court, had expired. The difference between those cases and the present case is obvious. Courts can set aside their own rules, but they cannot vacate the statute.

We are of opinion that the court erred in permitting the plaintiff to file a bill of exceptions after the lapse of time granted during the term when plaintiff took her final exceptions, and further erred by not striking the bill thus filed from the files on defendant's motion.

Conceding this, however, the plaintiff's motion to dismiss the appeal cannot be sustained. Even if the

bill of exceptions is no par t of the record, the appeal is effectual to bring to this court the record proper, and upon assignment of errors appearing on such record, it would be our duty to examine into the merits of the cause as disclosed by the record.    As no such errors are assigned, and the record proper discloses none, it is our duty to affirm the judgment.

Motion to dismiss appeal overruled, and judgment affirmed.   All the judges concur.