STATE OF MISSOURI, Respondent, v. PHIL. H. JACOBS, Appellant.

**St. Louis Court of Appeals, January 21, 1890.**

1. **Criminal Law :** PRACTICE : TIME FOR FILING BILL OF EXCEPTIONS An order of the court, extending the time for the filing of a bill of exceptions beyond the term at which the exceptions were taken, must be made during said term; if made after the expiration of the term, it is invalid.

2. ———— : ———— : SUFFICIENCY OF INDICTMENT. Objection to indictment as unintelligible overruled.

*Appeal from the St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

AFFIRMED.

*J. G. Lodge*, for the appellant.

The verdict and judgment cannot stand, because there is no legal evidence that the Missouri Pacific Railroad Company is incorporated, as alleged in the

indictment. R. S. 1879, sec. 1915; *State v. Cheek*, 63 Mo. 364. There is no evidence to show that the appellant Philip H. Jacobs received the property, alleged to have been stolen, from any thief who stole them; but, on the contrary, he received them from the owner of the goods, the Missouri Pacific Railroad Company, with a knowledge of all the facts. Stephens' Crim. Law, art. 357, p. 290; *Rex v. Dolan*, Dear. 436; *Rex v. Schneider*, L. R. 1 C. C. R. 15; 2 Bishop's Crim. Law, sec. 1140. The verdict was not only against the weight of evidence; there was no evidence to sustain it. The respondent's motion to strike out appellant's bill of exceptions should not be allowed, because the law of 1885 amended the practice with regard to the time allowed to file bills of exceptions. And the cases cited in appellant's brief to sustain the motion do not apply to the statute governing the practice since 1885, and as it now stands. The practice in criminal cases has for many years been the same as in civil cases, with regard to bills of exceptions. R. S. 1879, sec. 1921.

*Ashley C. Clover*, Circuit Attorney, and *Marshall F. McDonald* and *Thomas B. Harvey*, for the respondent.

An appellate court will not consider a bill of exceptions filed at a term of court subsequent to that at which the motion for a new trial was overruled, unless the record shows that the same was filed by order of the court and with the consent of the adverse party. *State v. Broderick*, 70 Mo. 623; *State v. Duckworth*, 68 Mo. 156; *Givens v. Van Studdiford*, 86 Mo. 154; *Nelson v. Withrow*, 14 Mo. App. 274; *Riddleberger v. McDaniels*, 38 Mo. 138; *Gray v. Parker*, 38 Mo. 160; 1 R. S. 1879, secs. 3635–36. It was not necessary for appellant to receive the goods direct from the hands of the thief, nor to have been present, in person, at Sedalia, when Rosenthal received them. If appellant had constituted

Rosenthal his agent for that purpose, then the guilty receipt of the one was the guilty receipt of the other. 2 Am. Crim. Law, secs. 1890, 1894; *Wright v. State*, 5 Yerger, 154; *Cossels v. State*, 4 Yerger, 149.

BIGGS, J., delivered the opinion of the court.

The appellant was tried and convicted in the criminal court of the city of St. Louis for receiving stolen property.

The indictment under which he was tried and convicted reads as follows, to-wit:

"St. Louis Criminal Court, }
    "May Term, 1883.        }

"The grand jurors of the state of Missouri within and for the body of the city of St. Louis, now here in court, duly empanelled, sworn and charged, upon their oath, present that Philip H. Jacobs, late of the city of St. Louis, and state aforesaid, on or about the eighth day of February, in the year of our Lord one thousand eight hundred and eighty-three, at the city of St. Louis aforesaid, with force and arms, three hundred pounds of railroad brass, each pound of the value of twenty cents, of the property, goods and chattels of the Missouri Pacific Railroad, a corporation incorporated under, and by virtue of, the laws of the state of Missouri, before then feloniously stolen, taken and carried away *from another*, feloniously did receive and have; he, the said Philip H. Jacobs, then and there well knowing the said property, goods and chattels to have been so feloniously stolen, taken and carried away as aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The defendant was tried and convicted at the July term, 1885, and his motion for a new trial was filed and overruled at the same term. After the motion for new trial had been overruled, and during the July term, the defendant filed a motion in arrest of judgment; this

latter motion was continued until the ensuing October term, 1885, when it was overruled; at the following November term the defendant was sentenced, and the parties thereupon filed a stipulation to the effect that the defendant might file his bill of exceptions at the next January (1886) term, and afterwards a similar stipulation was made by which the time for filing the bill was extended to the first day of May, 1886.

The plaintiff's counsel have filed a motion to strike the bill of exceptions from the record, for the reason that no order for the extension of the time for filing it was entered during the term at which the defendant was tried, and his motion for new trial overruled.

This motion will have to be sustained. The well-established rules of appellate practice in this state preclude us from doing otherwise. The statute (Revised Statutes, 1879, section 3636) provides that exceptions should be written and preserved during the trial of a cause or during the trial term, and not thereafter. A strict reading of this section would prohibit the filing of bills of exceptions after the term; but, by judicial interpretation, the statute was so construed as to permit trial courts, by consent of the parties, and by orders entered of record either at the trial term, or at the term at which the motion for new trial was disposed of, to extend the time. This we understand to be conceded by the defendant's counsel.

This section of the statute was amended in 1885 (Laws of 1885, p. 215), and as so amended reads as follows: "Such exceptions may be written and filed at the time or during the term of the court at which it is (they are) taken, or within such time thereafter as the court may, by an order entered of record, allow." The defendant's counsel insists that, under this amendment, trial courts are authorized at a subsequent term to make orders fixing the time for filing bills of exception. The statute will not bear any such interpretation. This court had occasion in the case of *Stevens v. Stevens*,

35 Mo. App. 50, to consider this identical question, and the conclusion arrived at is diametrically opposed to the defendant's contention. The court said : "The only change in the law which this statute makes is, that it dispenses with the consent of the parties, and permits the court, in all cases where it deems proper, to permit a bill of exceptions to be filed after the expiration of the term, regardless of such consent. But the order extending the time *must still be made within the term.* Any other construction would lead to the result, that a court might permit the filing of a bill of exceptions in a cause years after its final disposition, provided it caused an order to that effect to be entered upon its records when the bill is actually filed. Such construction is at war with the general policy of the law, which favors a speedy disposition of causes and cannot be adopted unless it were the only admissible construction." This interpretation of the statute (and we are satisfied that it is correct) compels us to strike the defendant's bill of exceptions from the record. The defendant was tried, and his motion for new trial was disposed of, at the July term, 1885, and no order of court, fixing the time for filing the bill was entered of record, until the following November term, which was the second term after the trial.

This leaves for our consideration the record proper. The defendant challenges the sufficiency of the indictment, on the ground that the statements of fact contained in it *are contradictory* and absurd. We will have to rule this question against the defendant. The supreme court in the case of *State v. Honig*, 78 Mo. 249, sustained a similar indictment, to which the same objection was urged. We are bound by that adjudication; it affords a sufficient reason for our opinion and dispenses with the necessity of any argument by us in support of the ruling.

The judgment of the criminal court will be affirmed. All the judges concur.