## SIMPSON v. SCROGGINS et al., Appellants.

### Division Two, June 14, 1904.

1. **HOMESTEAD: Assignment: Subsequent Partition.** Where the court in a partition suit assigns homestead to the widow in certain lands which descended in 1872, it can not go further and partition those lands among the intestate's heirs or their assigns. It can partition among them only the lands of the intestate which were not embraced in the homestead.

2. ————: **Sale Under Execution Before Assignment.** Where the sheriff under execution sells the widow's homestead in a part of a tract of 220 acres before assignment of homestead, commissioners can not subsequently set out the homestead to her so as to make it harmonize with the description of that portion of the homestead sold by the sheriff. Nor could the sheriff convey any particular part of the homestead before it was known what part of the tract would be assigned to her as a homestead.

3. ————: **Assignment: Confirmation: Final Judgment: Appeal.** Where the court, in a partition suit, appoints commissioners to set out the widow's homestead, and they report and that report is confirmed, that action of the court remains in full force and effect, if not appealed from at that term, whether final judgment sufficient to permit the report to be recorded in the recorder's office, is rendered or not. The persons dissatisfied with that order of confirmation can not wait until a subsequent term when the court enters final judgment in partition of the rest of the land, and then file his motion for new trial and appeal from the order of confirmation made at the previous term.

4. **PARTITION: Appeals: Exceptions at Subsequent Term.** Where all the evidence is taken and partition ordered and commissioners appointed at one term, steps must be taken at that term for filing a bill of exceptions. If not presented until the next term when the commissioners' report is made and final judgment in partition is made, it can not be considered on appeal, because not timely filed.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED (*with directions*).

*Ross & Sea* for appellants.

(1) As defendant Sarah C. Scroggins was not notified of her homestead right by the sheriff and the same was not set apart to her that she might designate the part to be sold under the Rechow execution, if it was subject thereto, the sale and deed made under said execution was invalid and conveyed no title. Stinson v. Call, 163 Mo. 320; Creech v. Childers, 156 Mo. 342. (2) Upon the death of Jesse Scroggins, his homestead in the premises described in plaintiff's petition passed to and vested in his widow, Sarah C. Scroggins, and his minor children, without being subject to the debts of the widow, contracted after the acquiring of such homestead while she and her minor children continued to occupy the same as such. Wagner's Stats., secs. 5 and 6, p. 698; Gen. Stats. 1865, secs. 5 and 6, p. 450. (3) The homestead was properly set off to defendant Sarah C. Scroggins in the partition proceedings and confirmed by the court to 160 acres of land, valued at $1,500, and no part of it should have been taken from her by the partition proceeding and judgment that followed, from which this appeal is taken. Weatherford v. King, 119 Mo. 51. (4) Until the homestead and dower was set out to defendant Sarah C. Scroggins, she was entitled to the possession of the whole of messuage and plantation as her quaran-

tine. Gen. Stats. 1865, sec. 21, p. 522. (5) In assign-
ing the homestead to the widow and minor children, they
were not confined to the particular eighty-acre tract on
which the house was located where Jesse Scroggins died.
Brown v. Brown's Admr., 68 Mo. 388; Perkins v.
Quigley, 62 Mo. 498.

*C. H. Skinker* for respondent.

(1) Exceptions must be preserved by a bill of ex-
ceptions filed at the term at which they are taken. R. S.
1899, sec. 728; Smith v. Baer, 166 Mo. 392; Richards v.
Ass'n, 156 Mo. 407; Asphalt Paving Co. v. Ullman, 137
Mo. 564; State v. Williams, 147 Mo. 14. "An exception
taken at one term, but not preserved, can not be galvan-
ized into life by incorporating it into a bill of exceptions
taken at a subsequent term, and so it has been decided."
State v. Taylor, 134 Mo. 136; State v. Ware, 69 Mo. 332;
Haehl v. Railroad, 119 Mo. 335; Carpenter v. McDavitt,
53 Mo. App. 393; Ins. Co. v. Rosenheim, 56 Mo. App.
27; Davis v. Bond, 84 Mo. App. 504; Smith v. Baer,
supra. (2) The law of 1865, under which the widow
asks a homestead, contemplates that such right by de-
scent from her deceased husband shall pass his home-
stead, "consisting of the dwelling house and appurte-
nances and land used in connection therewith," which
under the evidence in this case, would include the eighty
acres of land in section 10 and eighty acres more ad-
joining in section 15, township 32, range 23. The law
does not provide for a widow selecting as her homestead
other lands than that occupied and used as such by the
deceased head of the family at the time of his death.
And the homestead rights of Sarah C. Scroggins, if any,
were not invaded by the sheriff's sale of the south one
hundred acres of said section 15, which was set off to the
plaintiff, James G. Simpson, under the decree of par-
tition. But if said widow's rights did, under any view
of the case, extend to said last-mentioned partition of

lands, then the same being acquired by descent or devise, and there being no deed of record to fix the time of acquisition, there was no exemption of such homestead as against her own creditors. Loring v. Groomer, 142 Mo. 12; Keyte v. Peery, 25 Mo. App. 400; Griswold v. Johnson, 22 Mo. App. 466; Shindler v. Givins, 63 Mo. 394; Tennet v. Pruitt, 94 Mo. 145.

FOX, J.—This appeal comes here from a judgment rendered in partition of certain lands claimed by parties plaintiff and defendant.

The petition in this cause is as follows, to-wit:

"Now comes the plaintiff, James G. Simpson, and for amended petition, states that Jesse Scroggins died in Polk county, Missouri, testate, on or about July —, 1872, seized and possessed in fee of the following described land, to-wit: The northeast quarter of section 15, and seventeen acres on the north side of Slagle creek in the northwest quarter of southeast quarter, and three acres and eighty perches in the southeast corner of the southeast quarter of northwest quarter in section 15, all in township 32, range 23, Polk county, Missouri.

"That said Jesse Scroggins, deceased, left surviving him as his only heirs, a widow, Sarah C. Scroggins, and ten children, viz., Granville, Houston L., B. Wils, Peter, Wesley, and Matilda Scroggins, and Clementine Hensley, Martha E. Hensley, Mary J. Gowtey, and Margaret C. Wiley, all of lawful age, but Matilda Scroggins, a defendant herein, is now of unsound mind and incapable of attending to ordinary business.

"That nine of said children and heirs have by general warranty deeds conveyed all their undivided interests in said 180 acres of land, and the plaintiff, James G. Simpson, is the present owner in fee, by purchase, of such nine-tenths interest therein, subject in part to the life estate of said widow, a defendant herein.

"That the defendant, Matilda Scroggins, one of said heirs, still owns a one-tenth interest in said 180 acres of

land in section 15, township 32, range 23, subject to the life interest of said widow, Sarah C. Scroggins.

"That said Jesse Scroggins at the time of his death also owned and occupied as his family homestead the southeast quarter of southwest quarter and the southwest quarter of southeast quarter of section 10, township 32, range 23, adjoining the north half of said northeast quarter of section 15, township 32, range 23, Polk county, Missouri.

"That for over twenty years after the death of said Jesse Scroggins, his said widow, Sarah C. Scroggins, continued to reside upon and make her home in the dwelling house on or about the center of said eighty acres of land in said section 10, until some three years ago, when she moved upon said northeast quarter of said land in section 15, where she now resides, claiming a life estate therein under the will of her said deceased husband.

"Plaintiff further states that the interest of said Sarah C. Scroggins has been sold under a legal and valid judgment against her, and the plaintiff, by purchase, is now the legal owner of such interest in the south 100 acres of said land in section 15, township 32, range 23. That said Jesse Scroggins by his last will and testament devised to Sarah C. Scroggins, his widow, all his personal and real estate "during her natural life or widowhood." That said will was filed and proven in the probate court of Polk county, Missouri, and letters testamentary issued upon the same to one Morris Mitchell, the executor therein named. That said Sarah C. Scroggins accepted the provisions of said will, took possession of all the real estate of which said Jesse Scroggins died seized, consisting of the 260 acres hereinbefore described and other lands, and used and collected rents from the same for many years.

"That the personal estate of said Jesse Scroggins, amounting to something over $800 in value, was turned over to the defendant, Sarah C. Scroggins, by order of

the probate court of Polk county, Missouri, under such will, and accepted by her in lieu of personal dower and homestead in her said husband's estate.

"That the defendant, Sarah C. Scroggins, is now entitled to a life estate in the north half of northeast quarter of said section 15, township 32, range 23. That the defendant, Matilda Scroggins, is entitled to one-tenth interest in said 180 acres of land in said section 15, subject only to the life estate of said Sarah C. Scroggins in the north eighty acres thereof. That the plaintiff is entitled to a nine-tenths interest in the said 180 acres in said section 15, subject to the life interest of said widow in the said north half of the northeast quarter of said section 15, township 32, range 23.

"Wherefore, plaintiff asks that a guardian *ad litem* be appointed for the defendant, Matilda Scroggins, and that partition in kind be made of said 180 acres of land in section 15, township 32, range 23, between the parties herein, according to their respective rights and interests, and for such other legal and equitable relief as to the court may seem meet and proper."

Defendants filed separate answers, which for the purpose of disposing of this case need not be reproduced. At the August term, 1901, this cause coming on to be heard, the court made the following order:

"Now at this day this cause coming on to be heard, all parties appear in person and by counsel and at the close of the testimony, the court being of the opinion and finding that Sarah C. Scroggins, as the widow of Jesse Scroggins, deceased, is entitled to homestead in the lands of which said Jesse Scroggins died seized, which includes the land described in plaintiff's petition, to-wit: the northeast quarter of section 15, and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter of section 15 and three and 80-100 acres in the southeast corner of southeast quarter of the northwest quarter of section 15, all in township 32, range 23, and also includes the southwest

quarter of the southeast quarter, and the southeast quarter of the southwest quarter of section 10, township 32, range 23, in Polk county, Missouri, and not included in plaintiff's petition.

"It is therefore ordered by the court that G. M. Botts, J. J. Akard and W. F. Burns be and are hereby appointed commissioners to set out to said Sarah C. Scroggins, as widow of Jesse Scroggins, a homestead in said lands, to-wit: The northeast quarter of section 15, and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter of section 15, and three and 80-100 acres in the southeast corner of the southeast quarter of the northwest quarter of section 15 and the southwest quarter of the southeast quarter and the southeast quarter of the southwest quarter of section 10, all in township 32, range 23, in Polk county, Missouri, said homestead not to exceed 160 acres in amount, and $1,500 in value, and said commissioners are instructed that in setting out said homestead they shall not consider any transfers or conveyances of the land since the death of said Jesse Scroggins, but they shall set out said homestead in the same way they would if no conveyance of any of the land had been made since the death of Jesse Scroggins.

"It is further ordered that said commissioners make report of their proceedings under this order to this court on or before September 30, 1901. The clerk of this court is directed to make certified copies of this order to be by the sheriff delivered to each of the above-named commissioners."

On September 30, 1901, the court made the following order, confirming the commissioners' report setting out homestead to Sarah C. Scroggins:

"Now on this day the exceptions filed by plaintiff to the commissioners' report setting out homestead to defendant, Sarah C. Scroggins, coming on to be heard, is by the court overruled, and the report of commissioners is by the court approved and confirmed."

On October 1, 1901, the following judgment of partition was rendered:

"Now at this day this cause coming on to be heard, the plaintiff and the defendant Sarah C. Scroggins, appearing by their respective attorneys and the defendant Matilda Scroggins, of unsound mind, appearing by John W. Ross, Esq., her duly appointed guardian *ad litem*, all and singular the matters and things are duly submitted to the court, who having heard the evidence tendered by the parties and the argument of counsel, doth consider and find that Jesse Scroggins died in Polk county, Missouri, some time during the year 1872, seized and possessed in fee simple of the 180 acres of land described in plaintiff's petition, to-wit: The northeast quarter and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter, and three acres and eighty rods in the southeast part of the southeast quarter of the northwest quarter, all in section 15, township 32, range 23, in Polk county, Missouri. That said Jesse Scroggins, deceased, left surviving him as his only heirs, a widow, Sarah C. Scroggins, and ten children, to-wit, Granville, Houston L., B. Wils, Peter, Wesley and Matilda Scroggins and four married daughters, Clementine Hensley, Mary J. Gowtey, Martha E. Hensley and Margaret C. Wiley, all now of lawful age. That all of said children and heirs, except Matilda Scroggins, have conveyed all their undivided interests in the said real estate of their said deceased father, and the plaintiff James G. Simpson has acquired the same, by purchase, and is now the owner in fee of said nine-tenths undivided interest in said 180 acres of land except the northeast quarter of the northeast quarter and the east half of the northwest quarter of the northeast quarter of section 15, township 32, range 23, the widow's homestead. That the defendant, Matilda Scroggins, one of said children and heirs, is entitled to a one-tenth interest in said 180 acres of land except said sixty acres of homestead. That the defendant Sarah C.

Scroggins, as the widow of Jesse Scroggins, was entitled to homestead in the lands of which he died seized and such homestead, as duly set off and appraised to her by commissioners under the order of this court, embraced the following described 160 acres of the value of $1,500, to-wit: The east half of the northeast quarter and the east half of the northwest quarter of the northeast quarter and the southwest quarter of the northeast quarter and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter, and three acres and eighty rods in the southeast corner of the southeast quarter of the northwest quarter, all in section 15, township 32, range 23, but the plaintiff Jas. G. Simpson has by course of mesne conveyances legally acquired from said Sarah C. Scroggins, the south 100 acres thereof, to-wit, the south half of the northeast quarter, and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and three acres and eighty rods in the southeast corner of the southeast quarter of the northwest quarter all in section 15, and that the said Sarah C. Scroggins is now entitled only to homestead in fee in the northeast quarter of the northeast quarter and the east half of the northwest quarter of the northeast quarter of said section 15, township 32, range 23.

"That partition in kind should be made of the south half of the northeast quarter and the west half of the northwest quarter of the northeast quarter and the seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and the three acres and eighty rods in the southeast part of the southeast quarter of the northwest quarter, as asked for in the plaintiff's petition, giving to the plaintiff nine-tenths in value and to defendant Matilda Scroggins the one-tenth part in value thereof.

"And the court doth hereby appoint R. H. Frizzel, L. J. Mitchell and Thomas W. Cunningham, three competent, disinterested persons, citizens of this county,

commissioners, to view, appraise and make such partition of said last above described lands between said Jas. G. Simpson and Matilda Scroggins according to their several interests as herein above directed and to make a full and complete report in witing of their proceedings, according to law, to this court at its next regular term.''

At the November term, 1901, the following report of the commissioners was made and filed:

''Be it remembered that at the regular November term, 1901, of the circuit court of Polk county, Missouri, the following proceedings were had:

''The commissioners appointed in the case of Jas. G. Simpson v. Sarah C. Scroggins et al., after being duly qualified on the sixth day of December, 1901, and during said November term of court, made and filed their report in substance as follows:

''To the defendant Matilda Scroggins, as her one-tenth interest in said lands ordered partitioned, we set off fifteen acres off the north side of the southeast quarter of the northeast quarter, section 15, township 32, range 23, and appraise it at $120.

''To the plaintiff Jas. G. Simpson, as his nine-tenths interest in said land ordered partitioned, we set off the south half of the northeast quarter except the north fifteen acres of the southeast quarter of the northeast quarter and the seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and the three acres and eighty rods in the southeast corner of the southeast quarter of the northwest quarter and the west half of northwest quarter of the northeast quarter, 105 acres, all in section 15, township 32, range 23, and appraise the same at $1,080.''

On December 6, 1901, final judgment was rendered on the report of the commissioners who made partition. It was as follows:

''Now come the plaintiff and the defendant Sarah C. Scroggins by their respective attorneys and also the

defendant Matilda Scroggins of unsound mind, by John W. Ross, Esq., her guardian *ad litem*, and the report of the commissioners heretofore in vacation filed on October 19, 1901, making partition of the 180 acres of land in section 15, township 32, range 23, in plaintiff's petition, and the judgment of partition herein particularly described except the sixty acres by the court decreed to said defendant Sarah C. Scroggins as her homestead, coming on to be heard, together with the defendant's exceptions thereto, upon an examination thereof the court doth overrule all directions and exceptions to the said report, and the court having examined said report and being sufficiently advised of and concerning the premises doth now order, adjudge and decree that said report of commissioners be and the same is in all things approved and the partition by them made is confirmed as binding upon the parties hereto and all parties claiming under them.''

## OPINION.

The record in this cause is so much confused that it is difficult to determine from it the theory upon which the trial court proceeded to dispose of this proceeding in partition.    The record discloses that the first step taken by the court in this cause was at the August term, 1901.    On the tenth day of August, the record recites at the close of the testimony, the court found that Sarah C. Scroggins was entitled to a homestead in the land sought to be partitioned, together with other land not included in the petition.    We are unable to understand upon what theory the court dealt with lands not included in the petition; however, the court appointed commissioners to set out and appraise the value of the homestead so found to exist in the lands described in said order.

The commissioners appointed proceeded in the discharge of their duty in pursuance to the order of appointment, and on September 30, 1901, made report of

their action. They set out a homestead to Sarah C. Scroggins of one hundred and sixty acres, not exceeding the value of fifteen hundred dollars. Exceptions were filed to this report by the plaintiff, which exceptions were overruled, and the report of the commissioners approved and confirmed. This, in our opinion, should have terminated the action of the court so far as concerned the land embraced in the homestead set out to defendant, Sarah C. Scroggins.

Sec. 3624, Revised Statutes 1899, provides: "Whenever, in any case not in this chapter otherwise provided for, it shall become necessary, in any proceeding at law or in equity, to sever or set out any homestead from other real estate, the court in which such proceedings shall be pending may appoint three commissioners to appraise and set out such homestead, which commissioners, after being sworn to the faithful discharge of their duties, shall appraise and set out such homestead in the same manner as is provided in this chapter for setting out homesteads in case of the levy of execution, and make report of their doings to such court, which report shall be confirmed by such court, unless good cause be shown to the contrary; and a record thereof shall be made in the records of lands, where a deed of such homestead would by law be required to be recorded, which shall operate as a severance of such homestead from such other real estate."

Doubtless in this partition proceeding, when the court ascertained the existence of a homestead, it proceeded to sever it from the balance of the real estate sought to be partitioned, in pursuance to the provisions of the foregoing section. In this character of proceeding, that was the only power the court was authorized to exercise. When it was once determined that a homestead existed, the homestead could not be partitioned, and the rights of plaintiff and defendant Sarah C. Scroggins could not be determined in this proceeding. If the homestead existed in this land, and passed to

Sarah C. Scroggins upon the death of her husband, after the children had reached their majority, they no longer had any interest in the homestead; their interest was subject to the homestead, and after the homestead was severed from the entire tract, as was done by the court in this cause, the defendant Matilda Scroggins had absolutely no interest in the homestead, and any rights claimed by the plaintiff by reason of conveyances emanating from the widow, Sarah C. Scroggins, to her homestead in this land, must be asserted in some other character of action than a partition suit, in which the interest of plaintiff and Matilda Scroggins are sought to be partitioned. If plaintiff acquired any interest of the widow Sarah C. Scroggins, that is a transaction concerning them alone, in which Matilda Scroggins, one of the parties to this suit, has no interest, and the judgment in partition in this cause, undertaking to assign her interest in a part of this land that had been assigned by the commissioners as the homestead of her mother, was clearly erroneous, and this error appears upon the face of the record proper.

The commissioners appointed to make partition of the land in suit between plaintiff and defendant Matilda Scroggins, should have confined their action to the partition of such land as was not included in the homestead set out to Sarah C. Scroggins. The court having ascertained that a homestead existed in the entire tract, she only had an interest in the balance of the land, after severing the homestead from it. We repeat, she had no interest in the homestead, nor did the judgment of the court assigning her interest in it operate as giving her any title to it.

Again, it will be observed that the judgment in partition, subsequent to confirmation of the report of the commissioners setting out the homestead of the widow Sarah C. Scroggins, recites: ''That the defendant Sarah C. Scroggins, as the widow of Jesse Scroggins, was entitled to homestead in the lands of which he died seized,

and such homestead, as duly set off and appraised to her by commissioners under the order of this court, embraced the following described 160 acres of the value of $1,500, to-wit: The east half of the northeast quarter and the east half of the northwest quarter of the northeast quarter and the southwest quarter of the northeast quarter, and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and three acres and eighty rods in the southeast corner of the southeast quarter of the northwest quarter, all in section 15, township 32, range 23, but the plaintiff Jas. G. Simpson has by course of mesne conveyances legally acquired from said Sarah C. Scrggins, the south 100 acres thereof, to-wit: The south half of the northeast quarter and seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and three acres and eighty rods in the southeast corner of the southeast quarter of the northwest quarter, all in section 15, and that the said Sarah C. Scroggins is now entitled only to homestead in fee in the northeast quarter of the northeast quarter and the east half of the northwest quarter of the northeast quarter of said section 15, township 32, range 23. That partition in kind should be made of the south half of the northeast quarter and the west half of the northwest quarter of the northeast quarter and the seventeen acres on the north side of Slagle creek in the northwest quarter of the southeast quarter and the three acres and eighty rods in the southeast part of the southeast quarter of the northwest quarter, as asked for in the plaintiff's petition, giving to the plaintiff nine-tenths in value and to the defendant Matilda Scroggins the one-tenth part in value thereof."

The court undertook by that recital, in a partition proceeding, to adjudicate the conflicting claims of plaintiff and the widow, Sarah C. Scroggins, to the homestead interest which had previously been set out to the widow, and take one hundred acres of the land embraced in such homestead of said widow, and order its partition

between plaintiff and defendant Matilda Scroggins. This was clearly erroneous, and the court in this proceeding had no authority to render any such judgment. From the judgments and orders made in this cause, it is apparent that this action was a partition proceeding between plaintiff and Matilda Scroggins, with the homestead interest of Sarah C. Scroggins incidentally involved, and when the homestead was found to exist, and by the commissioners set out, then the action of the court should have been confined to the partition of the remainder of the tract out of which the homestead had been carved.

As to the numerous other questions presented by counsel for appellant in his brief, we will say, that we have reached the conclusion that they have not been properly preserved by bill of exceptions filed at the term of court at which the alleged errors complained of occurred; hence are not before us for consideration. The sheriff's deed, by virtue of the sale under the execution issued against Mrs. Scroggins, is not before us; however, we will say, that the court having found that a homestead existed in the entire tract, and had to be carved out of it, we are unable to understand how the sheriff could convey any particular part of that homestead before it was determined of what land it consisted. Certainly it will not be contended that the officer, under this execution, could select a certain part of the entire tract and sell it as a part of the homestead of the widow, and then subsequently to such sale and conveyance by the sheriff, commissioners can set out the homestead, so as to make it harmonize with the description of that portion of the homestead sold by the sheriff. This can not be done.

The court found that this homestead was included in the entire tract, and had to be severed from it; if that be true, and we take it that it was true, because the court in its judgment so found, then we are unable to understand how the sheriff, by that deed, could convey by a

definite description, so many acres of land as belonging to Sarah C. Scroggins, when in view of the finding of the court in this cause, it was unknown as to what part of the land would be assigned to her as a homestead.

All the evidence in this cause was introduced at the August term, 1901, of the Polk county circuit court, including the deed and will, and it appears from the record before us that such evidence was not preserved by bill of exceptions, with the objections and exceptions thereto duly filed at such August term, but an effort was made to do so at the subsequent November term.   This can not be done, and it is unnecessary to cite authorities on that proposition, which has been so uniformly recognized by the practice in the courts of this State.   Hence, there is nothing before us except the record proper.

The errors for which this judgment must be reversed and the cause remanded appear on the face of the record proper.

We confess great difficulty from the record before us in ascertaining the precise theory upon which this cause was tried.   We will say, however, if, as contended by appellant, Jesse Scroggins died in 1872, seized of a large body of land, and the entire tract of land of which he died seized was used in connection with his homestead, then, upon his death, a homestead consisting of a hundred and sixty acres, not exceeding the value of fifteen hundred dollars, out of said entire tract, passed to his widow and minor children, the children's interest only to continue until they reach their majority.   [Gen. Stats. 1865, sec. 1, p. 449.]

In the partition of this land the homestead of the widow should be severed from the entire tract, as was done in this case, and the remainder of it should be partitioned among the children or those holding such children's interest.   If there is a dispute about an interest acquired in the homestead of the widow, by reason of any conveyance to the plaintiff, that is a question which concerns alone the widow and the plaintiff, and defend-

ant Matilda Scroggins has no interest in that controversy; but is simply entitled to her one-tenth interest in the remainder of the land, after severing the homestead of her mother from it.

From this record it is clear that the court, by its proper order, appointed commissioners to set out the homestead of the widow Sarah C. Scroggins; that the commissioners in obedience to said order, set out such homestead, and on the thirtieth day of September, 1901, made full report of their action, which report was, by the court by its order duly entered of record, approved and confirmed. This action of the court was not appealed from and remains in full force and is final, so far as the homestead is concerned. The court, however, should have entered a final judgment upon the approval and confirmation of the report, severing the homestead from the remainder of the land, so that it might be placed upon the land records, as contemplated by statute.

In this proceeding, after entering the final judgment upon the approval and confirmation of the report setting out the homestead, there is only one thing left for the court to do, and that is to ascertain the interests of plaintiff and defendant Matilda Scroggins, in the remainder of the land not embraced in the homestead, and make partition of it in the same manner provided by law, in accordance with such interests.

We have thus given expression to our views in this cause, upon the record proper before us.

For the reasons apparent upon such record, the judgment of the trial court is reversed and the cause remanded, with directions to enter final judgment upon the approval and confirmation of the report of the commissioners, setting out the homestead of the widow, and that partition of the remainder of said land be made between plaintiff and defendant Matilda Scroggins, in accordance with their respective interests as herein indicated. All concur.