C. I. WILSON, Plaintiff in Error, v. A. G. DEWEESE, Defendant in Error.

Kansas City Court of Appeals, March 4, 1907.

TRIAL PRACTICE: Bill of Exceptions: Lapse of Term: Statute. The verdict was rendered at the October term. Judgment was entered at the February term and the motion for a new trial was filed. At the May term the motion was overruled and leave given to file bill of exceptions at the October term. *Held*, the bill of exceptions was out of time, since the statute requires exceptions to be filed during the term at which they were taken, unless the time is extended.

Error to Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*W. D. Steele, Sangree & Bohling* and *Bente & Wilson* for plaintiff in error.

Filed argument on merits.

*Montgomery & Montgomery* for defendants in error.

(1) No bill of exceptions was filed at the term at which the issue as to Andrew G. Deweese was tried, nor was leave taken to file such bill at any time thereafter. It was too late at the October term, 1905, to file a bill of exceptions as to matter which occurred at a trial during the October term, 1902. The court must pass upon the case upon the record proper as before it. R. S. 1899, sec. 728; Pace v. Shoe Co., 103 Mo. App. 668; Simpson v. Scroggins, 182 Mo. 575; State v. Jacobs, 39 Mo. App. 125; Paving Co. v. Ullman, 137 Mo. 564.

BROADDUS, P. J.—The plaintiff's suit is founded on a promissory note alleged to have been executed by defendants C. E. Burbank, Mary L. Burbank, W. T. Deweese, and A. G. Deweese. The cause was dismissed as to the two Burbanks for the reason that they had not been served with summons.

The defendant W. T. Deweese answered that he had filed an application in the United States Court asking to be adjudged a bankrupt and further asking that the proceeding against him be stayed a year or until his application under the bankrupt law be determined.

The defendant A. G. Deweese filed an answer under oath denying that he executed said note.

At the September term, 1902, of the court, after proceedings had been stayed as to the said W. T. Deweese, the court directed the issue raised by defendant A. G. Deweese be tried, and a jury was accordingly impaneled, the issue tried and a verdict was rendered in favor of the latter. The verdict was rendered on the 7th day of October, 1902. Afterwards, on 31st day of March, 1903, the defendant W. T. Deweese filed his second answer in which he set out that he had been duly adjudged a bankrupt by the United States Court and further alleging that he had compromised the demand in suit for a valu-

able consideration paid to the plaintiff and asking that he go hence without delay and have his costs. To the answer the plaintiff filed no reply.

There was no judgment entered upon the verdict in favor of defendant A. G. Deweese on the 8th of October, 1902, but at a subsequent term of the court, on the 6th of February, 1903, judgment was rendered in favor of defendant A. G. on the verdict and in favor of W. T. Deweese on his answer. At this term of court, plaintiff filed his motion for a new trial. At the May term of the court plaintiff's motion for a new trial was overruled, at which time he filed his affidavit for an appeal and appeal was allowed with leave to file his bill of exceptions on or before the first day of the term of the court in October, at which time he filed his said bill.

The defendants contend that as no bill of exceptions was taken during the term in which the trial was had and verdict rendered, and no leave given to file such exceptions at a future date, the one filed at a subsequent term is of no effect. Section 728, Revised Statutes 1899, regulating exceptions, provided that "such exceptions may be written and filed at the time or during the term of court at which it is taken, or within such time thereafter as the court may by an order entered of record allow," etc. A similar question arose in State v. Jacobs, 39 Mo. App. 122, wherein it was held that the bill in question was not as required by the code. And such was the holding in Pace v. Shoe Co., 103 Mo. App. 668; Simpson v. Scroggins, 182 Mo. 575; Asphalt Paving Co. v. Ullman, 137 Mo. 564. The appellant has failed to comply with the requirements of the code.

As there is nothing for review but the record proper and as there is no defect in the said record, the cause is affirmed. All concur.