H. FENDRICH, Appellant, v. LOYD BURRESS, Respondent.

Kansas City Court of Appeals, January 27, and March 2, 1908.

1. **TRIAL PRACTICE: Exceptions: Waiver: Term.**    To preserve exceptions to the interlocutory orders not only must exceptions at the time be saved but they must be written, signed and filed as required by the statute during the term; or thereafter the objector is presumed to acquiesce therein as nothing but a motion for new trial when continued will carry exceptions over to subsequent term.

2. ————: **Appeal from Justice's Court: Filing Fee: Affirmance.**    At one term the court set aside an affirmance of a justice's judgment theretofore entered on condition that the defendant pay back to the plaintiff the filing fee paid by the latter and proceed to trial at that term if the plaintiff so wished.    The fee was not paid and there was no trial at that term.    At the succeeding term the plaintiff moved for an affirmance, and on the hearing of the motion the defendant tendered the fee as ordered at the last term, which the plaintiff refused.    The court thereupon overruled the motion.    Plaintiff excepted and refused to proceed further and on a dismissal of the case, appealed.    *Held*, the appeal was not well taken.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*Pearson & Butts* for appellant.

(1)    The appellant from a justice's court is at all times bound to prosecute his appeal with diligence. R. S. 1899, secs. 4073, 4074, 4075, 4076; Cabanne v. Macadaris, 91 Mo. App. 70; Hardison v. Steamboat, 13 Mo. 226.    The court exceeded its discretion when, after six months of neglect and at the second term, it set aside the affirmance; and, indeed, had not the authority

at all to so condition a judgment at one term that it might set it aside at the next. Hill v. St. Louis, 20 Mo. 584; Carr v. Dowes, 46 Mo. App. 351. (2) A party appealing from the justice must serve the other party with written notice; it is not sufficient that the other party has knowledge of the appeal; the function of the notice is that of an original summons. R. S. 1899, sec. 4074; Smith v. Hill, 61 Mo. App. 680; State to use v. Hammond, 92 Mo. 231. (3) Appellant must necessarily pay the filing fee and file the transcript so as to have the cause where he can address his special request to, and make his special appearance in the court with any effect. Hardison v. Steamboat, 13 Mo. 226; Davis v. Miller, 35 Mo. App. 253; Wolf v. Harrington, 38 Mo. App. 276. (4) On appeal to the circuit court, an appearance to ask for an affirmance because of failure to prosecute with diligence is not such an appearance as will waive notice of appeal. Wolf v. Harrington, 38 Mo. App. 276; Page v. Railroad, 61 Mo. 78; Blakely v. Railway, 79 Mo. 341. (5) A motion in which the mover seeks only to take an advantage of an omission by the other party cannot be held to supply that omission. This appearance was certainly special within this definition. Rowley v. Hinds, 50 Mo. 403; Roll v. Cummings, 117 Mo. App. 312.

*Trigg, Compton & Walker,* for respondent, filed no briefs.

ELLISON, J.—This action was begun before a justice of the peace, where plaintiff had judgment and defendant appealed to the circuit court. In the latter court, on April 7, 1906, plaintiff filed a motion to affirm the judgment of the justice for the reason that defendant had not paid a filing or docket fee to the clerk and therefore plaintiff, as he states, could not enter his appearance as the case was not docketed. The plaintiff then paid the docket fee himself and filed transcript

from the justice. The motion to affirm was then sustained. On April 19th defendant filed a motion to set aside the affirmance of the judgment. The court overruled this motion on April 21st.

But, thereafter, on May 2nd, the court again took up defendant's motion to set aside the affirmance and sustained it on condition that defendant pay the docket fee back to plaintiff and that defendant should try the cause at that term, if desired by plaintiff. Plaintiff objected to this order and excepted thereto. But he did not preserve his exceptions in a bill and court adjourned to the succeeding term.

At the next term, in October, plaintiff again filed his motion to affirm and stated as ground for the motion that defendant had not prosecuted his appeal from the justice with diligence in that he had not paid the docket fee and had not given notice of his appeal. On October 9th this last motion was heard and defendant tendered plaintiff the docket fee, which plaintiff refused; whereupon the court overruled the motion to affirm and plaintiff excepted. Plaintiff then elected to stand on his exceptions and refused to proceed with the case. The court thereupon dismissed the case for failure of plaintiff to prosecute.

The order of the court made at the April term setting aside the judgment of affirmance on condition that defendant pay the docket fee to plaintiff, which the latter had paid to the clerk, and that the defendant should try the case at that term if the plaintiff so desired, was excepted to by plaintiff, as already stated, but no exceptions were written, signed and filed as required by statute. [Sec. 728, R. S. 1899; Wilson v. Deweese, 123 Mo. App. 587.] If exceptions are taken, they must be preserved by bill at the term at which they are taken unless time be properly extended, or unless the case is carried over by a motion for new trial. [State v. Larew, 191 Mo. 192.] The motion

for new trial will carry the cause over to the succeeding term so that exceptions may be signed and preserved when the motion is overruled of all those matters to which exceptions were taken at the term such motion was filed.

In this case we have matter occurring in course of the proceeding at one term to which plaintiff excepted, but no exceptions preserved; and the case being yet untried, a motion for new trial, of course, could not be filed, and plaintiff should have preserved his exceptions at the term they were taken. It follows that plaintiff must be held to have acquiesced in the court's setting aside the affirmance of the justice's judgment on condition that defendant pay the docket fee. The ruling of the court in that respect must therefore be accepted by us as being without objection.

Defendant did not pay the docket fee and plaintiff again filed his motion to affirm, but before it was acted upon defendant tendered the fee; whereupon the court overruled the motion. And then plaintiff, refusing to prosecute, the case was dismissed. We do not see our way clear to interfere with the action of the trial court. Plaintiff's case is necessarily, in great part, based on his exceptions taken at the April term, but which were lost to him by not being preserved at that term.

The judgment should be affirmed. All concur.