PEARL PEARSON, Administratrix, Appellant, v.
J. C. O'CONNOR et al., Administrators, Respond-
ents.

**Springfield Court of Appeals, November 10, 1910.**

1. **APPELLATE PRACTICE:** Motions: Bill of Exceptions. A
motion is no part of the record and can only be made so by
incorportating it in the bill of exceptions.

2. ———: ———: ———: Defendant filed a motion to re-
quire plaintiff to make her petition more definite and certain,
which motion was sustained, and plaintiff declining to comply
with the order, her suit was dismissed. Neither this motion
nor plaintiff's exceptions to the court's order were preserved
in a bill of exceptions. At the same term plaintiff filed a
motion to reinstate the case and this motion was overruled
at a subsequent term. Plaintiff appealed, and filed a bill of
exceptions which included the proceedings at the last term
when the appeal was taken, but did not incorporate in this
bill of exceptions her motion to reinstate. *Held*, that neither
the motions nor the action of the court thereon were prop-
erly before the appellate court for review.

Appeal from Jasper Circuit Court.—*Hon. Henry L.
Bright,* Judge.

AFFIRMED.

*Clay* and *Davis* for appellant.

*M. H. Keeley* and *W. H. Phelps* for respondents.

(1) In order to have saved the point for this
court, the plaintiff should have objected and saved
her exceptions to the action of the court in sustaining
defendants' motion to make the petition more definite
and certain. State v. Boehler, 128 S. W. 518; Reine-
man v. Larkin, 222 Mo. 156; Fenderich v. Burress, 129
Mo. App. 456; Levy & Co. v. Smith, 129 S. W. 989; Dale
v. Parker, 128 S. W. 510; Godfrey v. Godfrey, 128 S. W.
970. (2) The filing of a motion to set aside the order of

the court dismissing the case for failure to comply with the order of the court requiring plaintiff to make her petition more definite and certain did not preserve the exception, but it was necessary for the plaintiff not only to have objected and excepted, but to have filed her term bill of exceptions. Reineman v. Larkin, 222 Mo. 156; Little Tarkio v. Richardson, 126 S. W. 1021; Fenderich v. Burress, 129 Mo. App. 456.

NIXON, P. J.—Respondents are contending in this court that there is nothing before us for review except the record proper. The suit was for five thousand dollars for labor performed and money advanced and expended according to what appellant's abstract sets out as the petition. Respondents in an additional abstract show that there was another count in the petition asking five thousand dollars for labor performed and money advanced and expended. The following proceedings are shown by the abstract: After the petition it is recited that on the —— day of October, 1908, defendants filed their motion to require plaintiff to make her petition more definite and certain. The motion is set forth. It asks the court to require the plaintiff to set out in detail what moneys were expended and advanced and what labor performed. Then follows a recital that on October 27, 1908, said motion was sustained. That on November 5, 1908, at the October term, the plaintiff "refusing to comply with the order of the court" it was ordered by the court as follows: "It appearing to the court that the plaintiff has failed to appear and prosecute this cause, therefore it is ordered and adjudged by the court that this cause be, and the same is hereby dismissed for failure of the plaintiff to appear and prosecute the same." That on November 14, 1908, at said October term, plaintiff filed a motion to reinstate the cause, and setting forth the motion in the abstract in which it is stated that plaintiff could not comply with the order to make the petition more

definite and certain "owing to the fact that she was not in possession of any facts whereby she could itemize the different items making up the account stated, and upon which this suit is based." Then appears the recital that on May 29, 1909, *during the April term,* 1909, the motion to reinstate was overruled. It is then shown that an affidavit for an appeal was filed, appeal allowed, time granted in which to file bill of exceptions, and the bill of exceptions duly filed. Then follows the heading "Bill of Exceptions," which begins by declaring that at the January term, 1909, on the hearing of the motion to reinstate certain proceedings were had. Some evidence is detailed, and the recital is then made that on May 29, 1909, at the April term, 1909, the motion to reinstate was overruled, "to which the plaintiff at the time duly excepted and still excepts." It is then shown that the appeal was allowed and the bill of exceptions filed.

It is very clear that this court cannot review the action of the trial court in sustaining the motion to make more definite and certain, whatever the merits of that motion might have been, for the reason that neither the motion itself, nor the action of the court thereon are incorporated in a bill of exceptions, and, hence not preserved for our examination. A motion is no part of the record, and it can only be made so by incorporating it in a bill of exceptions; although the motion is set out in the record, that does not make it a part of it. [United States v. Gamble, 10 Mo. 459; Christy v. Myers, 21 Mo. 112; St. Louis v. Milligan, 18 Mo. 181; In re Webster, 36 Mo. App. 355; McNeil v. Ins. Co., 30 Mo. App. 306; Mockler v. Skellett, 36 Mo. App. 174; Monroe Bank v. Fink, 40 Mo. App. 367.] This applies equally, of course, to the motion to reinstate which was not incorporated in the bill of exceptions. "The adjudged cases in this state conclusively show that for forty years and upward, the rule of appellate practice has been that nothing but a bill of exceptions

could make a motion a part of the record, and that *unless incorporated bodily in the bill* it could not be noticed by the appellate court.'' [Martin v. LaMaster, 63 Mo. App. l. c. 346.] We cannot disregard a principle of law so firmly imbedded in the law and upheld by so many authorities. We do not know whether an exception was saved at the October term, 1908, to the action of the trial court in sustaining the motion to make more definite and certain. The appellant furnishes no light in this regard. Respondents say it is a fact that appellant made no objection and saved no exception. But, granting that an exception was saved, it died with the October term, 1908. [Reinman v. Larkin, 222 Mo. 156, 121 S. W. 307; Fendrich v. Burress, 129 Mo. App. 456, 107 S. W. 465.] There is but one bill of exceptions in this record and that only includes the proceedings at the April term, 1909.

We regret deeply that litigants must oftentimes suffer a denial of their day in court by reason of the enforcement of general rules which may seem harsh but which for the due administration of order and justice, protecting all litigants alike, are salutary indeed.

Finding no error in the record proper the judgment must be affirmed. *Cox, J.,* concurs; *Gray, J.,* not sitting.